## 19309. CHEVROLET DIVISION, GENERAL MOTORS CORPORATION *v.* DEMPSEY.

ARGUED MAY 16, 1956—DECIDED JULY 11, 1956—
REHEARING DENIED JULY 24, 1956.

*Marshall, Greene & Neely, Burt DeRieux,* for plaintiff in error.
*Adair & Goldthwaite, D. B. Phillips,* contra.

MOBLEY, Justice. This is a workmen's compensation case in which a Deputy Director of the Workmen's Compensation Board, in the original award in this case, dated January 21, 1955, made the following findings of fact and award: "Findings of fact. I find as a matter of fact that James H. Dempsey, claimant, received an injury involving his back on July 20, 1953, which arose out of and in the course of his employment with Chevrolet Division GMC. I further find that claimant lost no compensable time as a result of said injury, and that at the time of the hearing he was still employed, and receiving the same rate of pay. I find further from the medical testimony introduced that some permanent disability will be involved; however, claimant has not reached maximum improvement, and one of the doctors stated a fusion operation may be necessary. Claimant had incurred medical bills as a result of his injury, and will be forced to incur future medical bills, and he is entitled to receive payment for medical expenses incurred by reason of his injuries, not to exceed in the aggregate the sum of $750, the maximum provided by the Act.

"Award. Wherefore, based on the above findings of fact, Chevrolet Division, GMC, employer and self insurer, is directed to pay to James H. Dempsey, all necessary and reasonable medical expenses incurred by reason of his accident and injury, not to exceed in the aggregate the sum of $750, the maximum pro-

vided by the Act. Since claimant lost no compensable time, and maximum improvement has not been reached, he would not be entitled to compensation. It is directed that all accrued medical shall be paid immediately. And it is so ordered, this January 21, 1955." The full board, on February 16, 1955, approved the award of the deputy director. There was no appeal from the decision of the board.

Thereafter, on May 6, 1955, on an application for a hearing based on a change of condition, a deputy director found that the board was without power to review the case and determine change of condition because no disabling injury had been established by the board upon the evidence or upon an agreement. This action of the deputy director was based on the decisions of this court in *Aetna Life Ins. Co.* v. *Davis*, 172 *Ga.* 258 (157 S. E. 449), and *New Amsterdam Casualty Co.* v. *McFarley*, 191 *Ga.* 334 (12 S. E. 2d 355). Thereafter, on appeal to the Superior Court of Fulton County, the deputy director was reversed, the superior court holding that the board did have jurisdiction of the application for compensation based on a change in physical condition. The Court of Appeals affirmed the ruling of the superior court and the case is before this court on an application for certiorari.

The two cases cited supra, upon which the deputy director based his decision that the board was without jurisdiction to review the claim based on a change of condition, are not binding upon this court. Neither was a full-bench decision, and in *Lumbermen's Mutual Casualty Co.* v. *Cook*, 195 *Ga.* 397, 401 (24 S. E. 2d 309), this court held *Aetna Life Ins. Co.* v. *Davis* to be unsound and refused to follow it; and the *McFarley* case is distinguishable on its facts from the present case. In the *McFarley* case, on the initial hearing, the director found that the claimant got "some cement dust in his eyes which irritated his eyes for two or three days"; that he was only disabled four or five days, returned to work, and did not suffer sufficient loss of time to entitle him to compensation; and that, from the medical evidence as of the date of the hearing, the claimant was not suffering any disability or loss of vision and nothing was wrong with his eyes. Therefore, said the board, "the claim of compensation is denied and the case is dismissed." There was no appeal from that decision. That was not only a final adjudication that the claim-

ant had no disability, but the finality of the action was made certain by the case being dismissed.

A very different situation exists in the present case, for here the board found that, while the claimant was not entitled to compensation because he was working and had not lost sufficient time to qualify for compensation under the act, it went further and found that he had some permanent disability which had not reached maximum improvement; that a fusion operation might be necessary; that he had incurred medical bills as a result of his injury and will be forced to incur future medical bills; and that he was entitled to payment of the medical bills. There was no award of medical expenses in the *McFarley* case, and the case was flatly dismissed, while the award of the director in this case clearly indicates continuing jurisdiction of the case in the board for the purpose of requiring payment of future medical expenses, as well as the question of compensation based on change in condition at such time as the claimant's permanent injury might become compensable under the statute by reason of loss of sufficient time from his work.

The essential elements which must be shown on an original award under the Workmen's Compensation Act are: (1) that the employee is covered by the act; (2) that there was an accidental injury; (3) that it arose out of and in the course of the employment; and (4) that the employee is entitled to benefits provided by the act. In considering a claim under the act, the first three elements are preliminary questions for decision; and if either is decided adversely to the claimant, he is not entitled to anything under the act and consideration of his claim is ended. An appeal would lie by the losing party, and if unappealed from the decision would be res judicata. If the board finds in favor of the claimant on those three questions, it must go further and determine what if any benefits he is entitled to under the act. An award that the claimant was entitled to any benefits provided by the act—whether medical expenses, weekly payments, or other payments—would constitute an award favorable to the claimant from which the adverse party would have the right of appeal. Likewise, if the claimant thinks the award inadequate, an appeal would lie in his behalf. Unappealed from, the award is res judicata as to his condition at that time. However, the Work-

men's Compensation Act provides continuing jurisdiction in the board on the question of the amount of compensation and medical expenses to be paid. Under Code § 114-709, compensation may be increased, decreased, or ended by the board upon a change in condition of the claimant, and Code § 114-501 provides continuing jurisdiction as to the amount of medical expenses to be paid. As stated in *Home Accident Ins. Co.* v. *McNair*, 173 *Ga.* 566, 570 (161 S. E. 131): "It is not the purpose of section 45 of this act [Code § 114-709] to abolish entirely the doctrine of res judicata; but it was intended to relieve the parties from this doctrine in the particular instances named therein," the particular instances referred to, of course, being instances of a change in physical condition of an employee. See also *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613 (123 S. E. 897); *General Accident, Fire &c. Assur. Corp.* v. *Beatty*, 174 *Ga.* 314 (162 S. E. 668); *Liberty Mutual Ins. Co.* v. *Morgan*, 199 *Ga.* 179 (33 S. E. 2d 336). The case of *United States Casualty Co.* v. *Smith*, 162 *Ga.* 130, 134 (133 S. E. 851), indicates that the parties by an agreement which is approved by the board, or the board in its award, may retain jurisdiction of a case on the question of further compensation under the act, but the act itself provides for continuing jurisdiction in the board without the board expressly retaining jurisdiction.

The case here presented is: was there an award in this case that may be reviewed under Code § 114-709? That section provides that the board "may, within two years from the date that the Board is notified of the final payment of claim, review any award" of the board. Unquestionably there was an award of the board in this case. This court in the *McFarley* case held that an award denying compensation is an "award" within the meaning of the statute that would be the subject of review, but said that on review it could only end, diminish, or increase compensation previously granted. There would seem to be no room for argument that in this case there was an award as contemplated by Code § 114-709. That being true, may the board review the award based on a change in condition under the facts in this case? We think that it may do so for the reason that the original award found in favor of the claimant on every essential element necessary to establish a claim for compensation under

the act—coverage of the employee by the act, an accidental injury arising out of and in the course of his employment, an injury requiring medical services for which expenses were awarded, and, in addition, an injury of a permanent nature which had not reached maximum improvement. The case was not dismissed as was the *McFarley* case, but the award clearly contemplated continued jurisdiction as authorized under Code §§ 114-501 and 114-709.

"Where an employer or his insurance carrier has furnished or paid for medical and hospital services to an injured employee, it is generally held that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation." 58 Am. Jur. 850, § 417. "In the following cases there was held a payment of compensation, within the meaning of a provision requiring the making of a claim for compensation within six months after the last payment of compensation, where the employer or his insurer paid an injured employee's medical, surgical or hospital expenses." 144 A. L. R. 618. Following this statement cases are cited from the following jurisdictions: Colorado, Illinois, Nebraska, Kansas, Missouri, New York, Oklahoma, and California. Webster's New International Dictionary (2d ed.) defines compensation as follows: "The amount received by a worker or his dependents for claims under a workmen's compensation act."

The original Workmen's Compensation Act in Georgia, enacted in 1920 (Ga. L. 1920, p. 167), is entitled "Georgia Workmen's Compensation Act," and thereunder are provided payments of medical and hospital bills, a certain percentage of an employee's weekly wages, compensation for certain specific injuries such as loss of an arm, leg, etc., and in case of death reasonable expenses of an employee's last sickness and burial expenses and payments to his dependents. All of this is compensation to an injured worker, or his dependents, whether in the form of medical expenses or lost wages, and an award of medical expenses is an award of compensation within the meaning of the act.

Accordingly, where, as here, the board makes a finding that the claimant suffered an accidental injury which arose out of and in the course of his employment, for which medical expenses were payable, and that he, at the time of the award, was still

suffering from said injury which was permanent in nature, had not reached maximum improvement, and awarded medical expenses but denied compensation for loss of weekly wages because the claimant had not lost sufficient time from his work at that time to qualify under the act and was then working, and there was no dismissal of the case, the claim for compensation is reviewable under Code § 114-709 on a change of condition.

The Court of Appeals did not err in affirming the judgment of the Superior Court of Fulton County, which remanded the case to the Board of Workmen's Compensation for further consideration of the application for a hearing based on a change of condition.

*Judgment affirmed. All the Justices concur.*