### 38028. CARNEY v. TRAVELERS INSURANCE COMPANY et al.

NICHOLS, Judge. Floyd L. Carney, the claimant, while an employee of Thoni Oil Company, was the driver of a truck which was involved in a collision. Thereafter, a stipulation of fact was entered into between the employee, the employer, and Travelers Insurance Company, the insurer, in which it was stipulated that "the claimant was able to get out of the truck before the time of the collision and was not involved in the collision in any way and suffered no injury as a result of any accident . . . The claimant hereby agrees to stipulate that he has had no accident arising out of and in the course of his employment with Thoni Oil Company as contemplated by the Georgia Workmen's Compensation Act." Based on such stipulation an award was rendered by the full board on August 27, 1958, denying compensation. On January 22, 1959, an application for a hearing on an alleged change of condition was filed and the full board, on March 13, 1959, denied such application in an award which stated: "Workmen's Compensation Board has not power and authority, under Section 114-709, or any other section of the Workmen's Compensation Law, after rendition of an award denying compensation, to which no appeal is entered, to entertain another application by the employee, filed after time provided for entering appeal, for compensation for the same injury, based upon alleged change in condition of employee. The authority for this position is found in the case of Aetna Life Insurance Company,

*et al.* v. *Davis,* 172 *Ga.* 258 [157 S. E. 449]." This finding was affirmed by the Superior Court of Bartow County on appeal, and it is to this judgment of the superior court that the claimant now excepts. *Held:*

Where, as here, an award of the State Board of Workmen's Compensation, based on an agreement between the parties, holds that the claimant has received no compensable injury and no appeal is made to such finding, the board cannot later, after the time to appeal has expired so that the first adjudication is final, consider an application seeking compensation for an alleged change in condition. See *Travelers Insurance Co.* v. *Haney,* 92 *Ga. App.* 319 (88 S. E. 2d 492), and citations.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED JANUARY 19, 1960.

*William V. George,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James H. Moore,* contra.