## 43742.   STANDARD ACCIDENT INSURANCE COMPANY et al. v. SKINNER.

PANNELL, Judge. On September 22, 1961, an agreement for compensation executed September 5, 1961, was filed with, and on September 25, 1961, approved by, the Board of Workmen's Compensation showing that Marvin Skinner on June 13, 1961, suffered an injury because of a "foreign object lodged in eye." The agreement provided for compensation of $30 per week from and including the 20th day of June, 1961, "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Georgia." A supplemental memorandum agreement filed on the same date and approved on the same date recited that Marvin Skinner returned to work on Monday, the 11th day of September, 1961, at the same weekly wage ($60) and also recited: "We further agree that liability for temporary total disability ceased on 9-8-61." Also on September 22, 1961, there was filed with the Board of Workmen's Compensation a final settlement receipt

reciting a consideration of $354 (11.8 weeks) and stating that none of the payments were for permanent disability. It did recite, however, that temporary disability ceased on the 8th day of September and that claimant returned to work on September 11, 1961, at the same wage of $60 per week. No approval was entered by the Board of Workmen's Compensation. On January 25, 1967, claimant filed a request for hearing to determine liability, disability, compensation and medical under a change of condition after injury to a specific member.

At a hearing it appeared 'that the claimant had continued to work from the time of his injury to the time of the hearing, part of which time, however, was with another employer. It also appeared that when he received his check for the $354, he offered this to the employer, who had paid his regular wage in the meantime; the employer refused to accept the check but did deduct that amount from future wages. It also appeared at the hearing that the claimant had continued to go to doctors and had had an eye operation in Miami, and that doctors and hospital and travel bills had been paid, one medical bill having been paid in August 1965, and mileage from his work to the doctor in September 1965. It further appeared that some medical bills were at that time yet unpaid. The record was kept open for the purpose of taking medical testimony relating to the disability of the eye; in the meantime, however, the director ruled that the application for hearing based upon change of condition was barred by *Code* § 114-709 as amended, and, apparently, no further evidence was adduced as to the disability of the eye. Upon appeal to the full board, the director was reversed and the case remanded to him to take additional evidence. On appeal to the superior court, the action of the full board was affirmed. The insurance carrier appealed to this court. *Held:*

1. Under the ruling in *Taylor v. Sunnyland Packing Co.*, 112 Ga. App. 544 (145 SE2d 587), the approval of the second agreement reciting that *liability* for temporary total disability had ceased was insufficient to show that disability itself had ceased. While such fact is recited in the final settlement receipt the final settlement receipt was not approved by the board. Similar facts existed in *Taylor v. Sunnyland Packing Co.*, supra. Accordingly, the right to receive compensation at the rate provided, except during times when the claimant

was receiving his usual wage from his employer who employed him at the time of the injury, had continued to the time of the application for hearing. However, the claimant here is not attempting to assert his rights to receive compensation under prior orders and awards but is now seeking to determine liability, disability, compensation and medical under a change of condition to a specific member. The question therefore arises whether the claimant is barred by the provisions of *Code Ann.* § 114-709 from now asserting such claim.

2. *Code* § 114-709 as amended (but prior to the 1968 amendment, Ga. L. 1968, pp. 1, 7) provided that the State Board of Workmen's Compensation "[u]pon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the Board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the Board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." The insurance carrier contends that the claimant's request for hearing based upon change of condition is too late, relying upon *Kirkland v. Employers Liab. Assur. Corp.,* 69 Ga. App. 433 (3) (25 SE2d 723); *Fidelity & Cas. Co. v. Brooks,* 70 Ga. App. 355 (1) (28 SE2d 343); *Orvin v. National Surety Corp.,* 87 Ga. App. 551 (74 SE2d 489) (reversed on other grounds); and *Aetna Cas. &c. Co. v. Groover,* 115 Ga. App. 418 (154 SE2d 828). However, we think the evidence in this case shows conclusively that the last payment on the claim was one paid for medical expenses in September 1965, and the claim based upon change of condition was filed within two years of that date. While the date of notice of final payment and not the date of final payment is the date from which the statute begins to run, this does not mean that the statute begins to run from a notice of "final payment" of the claim when final payment has not actually been made.

3. Nor was the claimant barred because of delay in filing for a hearing because approximately five years and four months elapsed from the time of the filing of the final settlement

receipt, this for the reason that his claim legally was still alive. See in this connection *Reese v. American Mut. Liab. Ins. Co.*, 67 Ga. App. 420 (20 SE2d 773) ; *Maryland Cas. Co. v. Morris*, 68 Ga. App. 239 (22 SE2d 627).

4. Accordingly, the single director erred in holding that the two year period of limitation had run and the State Board of Workmen's Compensation and the superior court on appeal were correct in remanding the case for the taking of further evidence relating to the alleged change of condition as to disability from injury to a specific member.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED JUNE 5, 1968—DECIDED SEPTEMBER 3, 1968.

*Greene, Buckley, DeRieux, Moore & Jones, James H. Moore,* for appellants.

*Burdine & Freeman, Essley B. Burdine,* for appellee.

