### 56822. LIBERTY MUTUAL INSURANCE COMPANY et al. v. BRAY.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation.

This claimant had two different awards rendered by the board. The first award dated December 15, 1975 held: that the claimant had an injury which arose out of and in the course of his employment; that the claimant was entitled to medical expenses which resulted from the injury; that the claimant had no disability or loss of earnings at the time of the hearing. The second award which is the basis of this appeal found that the claimant's condition had changed and that he was totally disabled. *Held:*

1. There was sufficient evidence to support a finding that the claimant had undergone a change in condition.

2. The employer contends that because the original award held that at the time of the hearing the claimant had no disability or loss of earnings, that award was res judicata and therefore precluded the board from issuing another award holding that the claimant had undergone a change in condition. The employer cites as authority for its position *Aetna Life Ins. Co. v. Davis,* 172 Ga. 258 (157 SE 449); *Travelers Ins. Co. v. Haney,* 92 Ga. App. 319 (88 SE2d 492); *Carney v. Travelers Ins. Co.,* 101 Ga. App. 42 (112 SE2d 696); *Travelers Ins. Co. v. Edge,* 114 Ga. App. 301 (151 SE2d 170). These cases hold that where there is a hearing and an award is issued denying compensation this is res judicata. However, in the present case the claimant was awarded medical expenses. In *Western Union Tel. Co. v. Smith,* 50 Ga. App. 585 (178 SE 472), medical expense awarded by the board was held to be compensation. Where the claimant is awarded some compensation in the original award, Code Ann. § 114-709 (Code § 114-709 as amended through Ga. L. 1978, pp. 2220, 2233) authorizes a review by the board to determine

whether a change in condition has occurred. *General Motors Corp. &c. v. Dempsey,* 93 Ga. App. 423 (91 SE2d 850); *Travelers Ins. Co. v. Haney,* 92 Ga. App. 319, supra.

Therefore, the first award having awarded the claimant some compensation the board was authorized to issue the second award holding that the claimant had undergone a change in condition.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED JANUARY 9, 1979 — REHEARING DENIED FEBRUARY 2, 1979 — 

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellants.

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.