## 58415. GENERAL INSURANCE COMPANY OF AMERICA et al. v. BRADLEY.

Underwood, Judge.

In workers' compensation proceedings (governed by the law as it existed prior to Ga. L. 1978, p. 2220 et seq.), the board is authorized, upon review of a prior award, to make a change-in-condition award revising the previously-awarded "compensation." Code § 114-709 (Ga. L. 1973, pp. 232, 245-247). That section provides: "[U]pon the application of any party in interest on the grounds of a change in condition, the [board] may, not later than two years from the date that the board is notified that the final payment of a claim has been made pursuant to a board order, review any award . . . and, on such review, may make an award ending, diminishing or increasing the *compensation* previously awarded . . ., subject to the maximum or minimum provided in this Title . . ."

The insurer here asks that we hold, for the first time, that medical benefits as authorized by § 114-501 are included within the term "compensation" as used in § 114-709, supra, so as to be a part of the subject matter upon which that section, with its two-year limitation on such reviews, operates. The contention of the insurer is that we should adopt the wider meaning of the term "compensation" so as to include medical benefits in order to be consistent with those cases in which, in other contexts, we have made a like application of the term "compensation."

See, e.g., *Western Union Telegraph Co. v. Smith,* 50 Ga. App. 585 (178 SE 472) (1934) (medical benefits included in term "compensation" for purposes of employer's right, to extent of "compensation" paid, to

subrogation against tortfeasor causing the employee's injuries); *Liberty Mut. Ins. Co. v. Bray,* 148 Ga. App. 868 (253 SE2d 209) (1979) (even though no compensation for disability or loss of earnings allowed under first award, provision for medical expenses in that award is "compensation" so as to authorize later change in condition award); *Jackson v. Georgia Bldg. Auth.,* 144 Ga. App. 275 (241 SE2d 54) (1977) (lump sum settlement of "all claims" pursuant to § 114-417 includes claims for medical benefits). See also *Priest v. Exposition Cotton Mills,* 86 Ga. App. 301 (71 SE2d 743) (1952).

The result, according to the insurer, is that the present application for additional medical benefits, which seeks physician's services subsequent to those previously awarded and furnished, is governed by § 709 and is barred thereunder because it was made more than two years after notice of final payment of the prior award had been filed with the board.

The syllogistic symmetry which might result from a consistent definition of the term "compensation" is superficially appealing. However, it is unsupportable to the extent that it results in the engrafting of the two-year, change in condition requirements of § 114-709 upon § 114-501. The latter provides: "The employer shall furnish the employee . . . such medical . . . treatment . . . which in the judgment of the [board] shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment . . . Upon the request of an employee or an employer the board may *in its judgment* . . . order a *change* of physician or treatment and designate *other* treatment or *another* physician, and in such case, the expenses shall be borne by the employer upon the same terms and conditions as hereinbefore provided." (Emphasis supplied.)

Thus § 501 contains its own provision for changing or amending a prior award for medical treatment, and there is no requirement that a change in condition be shown nor that the application be brought within any period of limitation. While we thus think it plain from the face of § 501 that it is self-contained and not subject to the limitations and requirements of § 709, we note that this conclusion is also indicated by the separate legislative

history of the two sections.

As originally enacted the forerunner of § 709 contained no time limitation upon the board's authority to review and modify awards on the basis of change in condition. Ga. L. 1920, pp. 167, 191 § 45. On the other hand the forerunner of § 501, while placing no time limit upon the board's authority to "order a change in such medical attention so furnished by the employer," did limit the employer's responsibility to "a period not exceeding thirty days after an accident." Ga. L. 1920, pp. 167, 181 § 26.

In 1937, however, the scope of § 709 was circumscribed so as to impose for the first time the two-year limitation in question here today (Ga. L. 1937, pp. 528, 532), whereas the 30-day limit of § 501 was expanded so as to authorize treatment for a period of ten weeks, "and for such *additional* time as in the judgment of the [board] will tend to lessen the period of disability . . . In case of a controversy arising between the employer and the employee relative to the *continuance* of medical, surgical, hospital, or other treatment, the [board] may order such *further* treatment as may in the discretion of the [board] be necessary. The [board] may at any time upon request of an employee order a *change of treatment* and designate *other treatment* . . . and in such a case the expense thereof shall be borne by the employer upon the same terms and conditions as hereinbefore provided in this section for medical and surgical treatment and attendance." Ga. L. 1937, pp. 528, 532. (Emphasis supplied.) Thus while the Act of 1937 was restricting the scope of § 709 to the two-year limitation period, it was simultaneously enlarging § 501 so as to provide for the extension and revision of medical benefits into the indefinite future by administrative action of the board.

In 1949 § 501 was amended to provide that in cases of controversy the board's authority to order further treatment was to be exercised "within the limits of time and amount as set forth above," presumably the ten weeks otherwise specified; but the meaning of the amendment is unclear since it disturbed neither the board's authority to order treatment "for such *additional* time . . . as in the judgment of the board will tend to lessen the period of disability," nor its authority, "at any time upon request of

an employee," to "order such *further* treatments as may in the discretion of the Board be necessary." Ga. L. 1949, pp. 1357, 1360. (Emphasis supplied.)

In any event the legislature, in 1968 (Ga. L. 1968, pp. 3, 6), removed from § 501 any suggestion of time limitations upon medical benefits, that section as amended providing that "[t]he employer shall furnish the employee . . . such medical . . . treatment . . . as in the judgment of the Board shall be reasonably required to effect a cure or give relief. . ." We must conclude that since the time limitation was removed none was intended.

Moreover, although in the same Act § 709 was amended so as to clarify what the term "change in condition" meant, the legislature did not specify within that definition the employee's need for change in medical treatment, nor was that section amended so as to include such treatment within the sweep of the two-year limitation. On the contrary, § 501 still contained its own change of treatment provision as seen above, and it was carried forward through the amendments in 1971 and 1975 (Ga. L. 1971, pp. 895, 899; Ga. L. 1975, pp. 190, 197) to the form as we initially set out:

"The employer shall furnish the employee . . . such medical . . . treatment . . . which in the judgment of the [board] shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment . . . Upon the request of an employee or an employer, the Board may *in its judgment* ... order a *change* of physician or treatment and designate *other* treatment or *another* physician, and in such case, the expenses shall be borne by the employer upon the same terms and conditions as hereinbefore provided." (Emphasis supplied.)

Thus we reaffirm our conclusion that § 501, authorizing not only awards of medical benefits of unlimited duration, but also revisions thereof extending into the indefinite future by administrative action of the board, is independent of the requirements and limitations of § 709. According to the record that has been the administrative interpretation of the board, and we approve it. Section 501 is designed to *bring about,* hopefully for the better, a change in claimant's medical condition, while § 709 is designed to determine whether an

economic change in condition *has occurred,* for better or for worse, so that a change in income benefits is appropriate.

We held as much in *City of Atlanta v. Padgett,* 68 Ga. App. 96 (22 SE2d 197) (1942) where the board, having directed claimant pursuant to authority in § 501 either to submit to an operation found to be needed or be barred from compensation, later reversed itself and reached the opposite conclusion based upon different medical evidence. The employer insisted that the prior decision, like a § 709 change-of-condition determination, was res judicata as to claimant's condition so that his subsequent refusal of the operation was unjustifiable and barred him from compensation by § 501 so providing. In rejecting this contention we distinguished the § 709 cases, stating at page 108:

"It must be kept in mind that we are dealing with the provisions of Code § 114-501. The provisions of this section deal with a subject matter entirely different from that dealt with in Code § 114-709 . . . It is one thing to require the claimant to submit to reasonable medical and surgical treatment under Code § 114-501 in an effort to bring about a change in condition, and an entirely different thing to determine whether or not a change in condition has already taken place. The Code, § 114-709 deals with the latter, and § 114-501 deals with the former."

Since in the proceedings below it was correctly held that a claimant for additional medical benefits under § 501 need not show a change in condition within the two-year limitation of § 709, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 30, 1979 —

*Robert L. Husby, Jr., Joe B. Sartain, Jr., H. P. Arnall,* for appellants.

*William V. George, Lavinia B. George, Richard W. Best,* for appellee.

*Roger J. Dodd, B. C. Gardner, Jr., John F. Salter, Sr.,*

amicus curiae.