A91A2197. WIER v. SKYLINE MESSENGER SERVICE et al.
(417 SE2d 693)

ANDREWS, Judge.

We granted the application to appeal of employee Wier to consider whether OCGA § 34-9-82 applies to "medical only" claims when voluntary payment of medical bills has been made by the employer/insurer and whether prescribed exercises constitute "remedial treatment" under that statute, if it applies, so as to extend the time for filing a claim.

The ALJ found exercise was prescribed treatment and that the employee was not bound by the two-year statute of limitation in OCGA § 34-9-104, dealing with a change of condition, where employer/insurer furnished medical treatment was initially given. The Board, affirmed by the superior court, while adopting the factual con-

clusions of the ALJ and agreeing that OCGA § 34-9-104 was inapposite, concluded that additional medical treatment on a medical only claim was controlled by OCGA § 34-9-82 and the claim, which was not filed until 1990, was barred. The Board, citing *Poissonnier v. Better Business Bureau &c.*, 180 Ga. App. 588 (349 SE2d 813) (1986) and *Hartford Accident &c. Co. v. Snyder*, 126 Ga. App. 31 (189 SE2d 919) (1972), did not consider the continuing exercise to be "remedial treatment" and held that "payments of medical expenses made without an agreement or previous award do not toll the running of the statutory period within which a claim must be filed."

Wier, a courier for Skyline, was injured on June 30, 1988, when she jumped from a loading dock. She landed on her right leg, injuring her knee. She was treated in an emergency room and was referred to Dr. Von Haam, an orthopedic specialist. The injury was immediately reported to Skyline pursuant to OCGA § 34-9-80. She lost no time from work as a result of the injury and no claim for income benefits was made.

On July 5, 1988, she saw Dr. Von Haam who diagnosed a partial tear of the medial collateral ligament right knee with possible associated tear of the medial meniscus. Dr. Von Haam recorded in his consultation notes the following: "TREATMENT: Isometric quad exercises." She saw him again on July 26 and he noted improvement, directing her to "continue on the isometric quad program with a target weight of about 20 pounds." While she was to return in six weeks, she did not keep that appointment. The employer/insurer paid for these visits.

Wier, as found by the ALJ and Board, aggressively pursued her exercise program. In November 1989, her knee gave way on her at home and she again went to see Dr. Von Haam on December 1, 1989. At that time, he recommended an aggressive supervised physical therapy program. This continuing treatment is contested by the employer/insurer, based on its being obtained more than one year after the injury or last remedial treatment.

Wier argues alternatively that there is no statute of limitation on a medical only claim where the employer has voluntarily acknowledged that the injury is a compensable claim and has provided initial treatment, or that, under OCGA § 34-9-82, her exercise program constituted "remedial treatment" under that statute.

1. OCGA § 34-9-200 (a) states that "[t]he employer shall furnish the employee entitled to benefits under this chapter such medical, . . . care and other treatment, items, and services which are prescribed by a licensed physician, . . . , which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment."

OCGA § 34-9-82 (a) provides that "[t]he right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or *remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer* or within two years after the date of the last payment of weekly benefits." (Emphasis supplied.)

Here, there was no doctor's visit by Wier from July 26, 1988, until December 1, 1989. While she continued the exercises prescribed by the doctor, there was no medical oversight of the exercise program and she failed to keep her six-week checkup appointment as directed by Dr. Von Haam during the July 26 visit. Under these circumstances, the Board's conclusion that this was not "remedial treatment" within OCGA § 34-9-82 so as to extend the time for filing a claim is supported by evidence and must be affirmed pursuant to the "any evidence" standard. *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 481 (1 a) (382 SE2d 150) (1989).

2. Wier's contention that OCGA § 34-9-82 does not apply to medical only claims is premised upon *General Ins. Co. v. Bradley*, 152 Ga. App. 600 (263 SE2d 446) (1979). That case, however, deals with whether the two-year statute of limitation regarding change in condition, OCGA § 34-9-104, applies to medical payments sought more than two years after notice of final payment of a prior award filed with the board.

That case held that "[OCGA § 34-9-200] contains its own provision for changing or amending a *prior award* for medical treatment, and there is no requirement that a change in condition be shown nor that the application be brought within any period of limitation." Id. at 601. Further, this court reaffirmed its "conclusion that [OCGA § 34-9-200], authorizing not only awards of medical benefits of unlimited duration, but also revisions thereof extending into the indefinite future *by administrative action of the board,* is independent of the requirements and limitations of [OCGA § 34-9-104]."

While Wier is correct that medical treatment of a compensable injury in a medical only claim is not subject to the change of condition statute, it does not follow that treatment obtained more than one year after the previous treatment is compensable when no board action ruling the injury covered has occurred. "[M]edical treatment which is deemed, for statute of limitation purposes, to be remedial treatment furnished by the employer must be commenced within the original period of limitation, i.e., within one year of the job-related injury *or of previous employer-furnished treatment." Poissonnier*, supra at 589. Such treatment, in order to extend that limitation period, must be remedial and not diagnostic. *American Intl. Adjusting*

*v. Davis*, 202 Ga. App. 276 (1 b) (414 SE2d 292) (1991).

Under the wording of OCGA § 34-9-104 (a), payment of income benefits by an employer without a formal award will establish the status of the employee "by award or *otherwise*" so as to allow the employee to file for a change in condition within two years of the last payment of income benefits without formal board intervention. *Clarke v. Samson Mfg. Co.*, 177 Ga. App. 149, 150 (1) (338 SE2d 738) (1985). This rationale does not apply to medical only payments. See *St. Paul Fire &c. Ins. Co. v. Norman*, 173 Ga. App. 198, 201 (1) (325 SE2d 810) (1984).

Under OCGA § 34-9-82, voluntary payment of income benefits will toll the running of the one-year statute as will treatment of an injury within one-year time periods. "The statute on its face does not distinguish between payments of weekly benefits made voluntarily and those made otherwise; all that is required to trigger the two-year limitation is that the payment, whether voluntarily made or not, was tendered as a weekly benefit *on account of the injury*. We must presume the legislature was aware of the above precedent when it chose to expand the scope of the statute of limitation now found in OCGA § 34-9-82 (a)." *Harper v. L & M Granite Co.*, 197 Ga. App. 157, 161 (2 b) (397 SE2d 739) (1990). Likewise, had the legislature intended for the voluntary payment of medical only benefits to have forever negated the need for filing a claim, it could have so provided. Not having done so, if a worker wishes to preserve his lifetime right to treatment for a work injury for which no treatment is needed within a one-year period, a claim must be filed.[1]

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 — 

*John F. Sweet*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Marci R. Weston*, for appellees.

---

[1] While conduct of an employer/insurer may be such as to work an estoppel to assertion of the statute of limitation, *Brown Transport Corp. v. James*, 243 Ga. 701 (257 SE2d 242) (1979), Wier acknowledges that no such misleading or deceptive conduct is involved in this situation.