## S00A0752. CITY OF WAYCROSS v. HOLMES.
### (532 SE2d 90)

THOMPSON, Justice.

At issue is whether an employer can take credit for disability retirement payments when it calculates and pays workers' compensation benefits. More specifically, we are asked to decide whether OCGA § 34-9-243 (b), which allows credit for a "disability plan," allows credit for a "disability retirement" plan as well.[1]

---

[1] OCGA § 34-9-243 (b) reads in pertinent part:
[T]he employer's obligation to pay or cause to be paid weekly benefits under Code Section 34-9-261 *[total disability]* or 34-9-262 *[temporary partial disability]* shall be reduced by the employer funded portion of payments received or being received by

Holmes, a City employee, was injured and awarded workers' compensation benefits in September 1996. In May 1997, Holmes was awarded Social Security disability benefits. Two months later, he was awarded disability benefits from the City's retirement plan.

At a hearing on May 7, 1998, the City sought credit against workers' compensation obligations for the retirement benefits paid to Holmes. The ALJ held that the City's retirement plan provides disability benefits to employees based on the state of their health; that the City's plan is a disability plan under OCGA § 34-9-243 (b); and that, therefore, the City was entitled to the credit. On appeal, the Appellate Division of the State Board of Workers' Compensation reversed, finding that a "disability retirement plan" is not covered under OCGA § 34-9-243 (b).

The City appealed to the Ware County Superior Court. Because the superior court did not enter a dispositive order within 20 days, the Board's decision was affirmed by operation of law. After the City's application for a discretionary appeal was denied by the Court of Appeals, the City sought, and this Court granted, review.

In construing a statute, a primary rule is that the courts must try to ascertain the purpose and intent of the legislature and then try to construe the law to implement that intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); *Wilson v. Board of Regents*, 246 Ga. 649, 650 (272 SE2d 496) (1980). The Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose. *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981). Construing OCGA § 34-9-243 (b) liberally, we conclude that it was not meant to allow credit for retirement benefits, regardless of whether such benefits are paid in the ordinary course of retirement, or for an early retirement brought on by disability. On the contrary, the intent of the statute was to enable an employer to take credit for payments received by the employee only pursuant to an employer funded disability plan, wage continuation plan, or disability insurance policy. See *Ga. Forestry Comm. v. Taylor*, 241 Ga. App. 151, 153 (526 SE2d 373) (1999) (purpose of Code section is to ensure that employee is not unjustly enriched by doubling up on payments). See also Grantland G. King III, in Legislative Review, 9 Ga. St. U. L. Rev. 285, 291 (1992) (intent of OCGA § 34-9-243 (b) is to "allow[ ] the employer to reduce insurance costs by using the proceeds from any general disability policy which it has funded to reduce the need for benefits under a workers' compensation policy.").

---

the employee pursuant to a disability plan, a wage continuation plan, or from a disability insurance policy established . . . by the same employer from whom benefits . . . are claimed.
(Emphasis supplied.)

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Walker & Sweat, Bruce M. Walker, Shawn F. Wildes*, for appellant.

*Hackel & Hackel, Thomas M. Hackel*, for appellee.

*George, Bartles & Wallach, Alex B. Wallach*, amicus curiae.