A05A0883. FOOTSTAR, INC. et al. v. STEVENS.
(620 SE2d 588)

MIKELL, Judge.

Footstar, Inc., d/b/a Meldisco Shoe-Mart ("Footstar"), and Travelers Insurance Company ("Travelers") appeal the judgment of the

---

Superior Court of Glynn County affirming the decision of the Appellate Division of the State Board of Workers' Compensation (the "Board"). The appellants contend that the trial court erred in concluding that the claim of the injured employee, Felicia Stevens, was compensable as a change of condition, rather than as a new injury. For reasons explained below, we find no error and affirm the judgment of the trial court.

> It is the law in this state that if there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed. Moreover, in determining whether evidence in the case meets the "any evidence" rule, the evidence will be construed in the light most favorable to the party prevailing before the [B]oard and every presumption in favor of the Board's award is indulged.

(Citations omitted.) *Calhoun v. Mergentine/KVN & Horn Fruin-Colnon*, 165 Ga. App. 610-611 (1) (302 SE2d 401) (1983).

So viewed, the record shows that Stevens began working for Footstar in May 1978. At the time of the injury in question, Stevens was the manager of a K-Mart store shoe department which was operated by Footstar. As part of her job, Stevens unloaded cases of shoes into overhead bins. Some of the cases weighed over 30 pounds. She testified that the counters were over 72 inches high, and that she was "constantly" working in the overhead areas. She was injured on November 8, 1999, while putting merchandise into an overhead bin, when several cases fell, hitting her head, neck, and shoulder.

Travelers was the workers' compensation insurance carrier for Footstar at the time of the injury. Travelers accepted Stevens's claim as "medical only," because she continued to work for Footstar.[1] According to Stevens, she was instructed to go to a medical clinic, where she was treated by Dr. Cindy Jurss. Travelers paid for the treatment. Stevens wished to continue working because she had two children to support, so Dr. Jurss "reluctantly" allowed her to continue at her regular job. Stevens had difficulty performing her work because of the injury. She testified that her district manager gave her a lot of leniency. According to Stevens, by 2001, she was unable to work a full eight-hour day. She used her vacation and sick leave "just to alleviate the aggravation" she experienced in her arm, neck, and shoulder.

---

[1] We find no indication in the record that Stevens requested income benefits at that time. It appears that she sought only medical benefits for her continuing treatment.

On January 1, 2001, Liberty Mutual Insurance Company ("Liberty Mutual") replaced Travelers as Footstar's workers' compensation carrier. In August of that year, Travelers requested a hearing to determine which insurer was responsible for the cost of Stevens's continued medical treatment. The hearing took place on October 19, 2001, before Administrative Law Judge Jerome Stenger. In his award dated December 18, 2001, Judge Stenger made the following findings of fact: that Stevens had sustained a compensable injury on November 8, 1999; that she was not disabled because she continued to work for Footstar; and that Stevens had not sustained a new injury or had a new accident during Liberty Mutual's coverage. Judge Stenger concluded that Travelers was responsible for Stevens's continuing medical expenses. Travelers subsequently appealed, and on August 7, 2002, the appellate division adopted the award as its own.

After the hearing but before Judge Stenger had issued his award, Stevens's new physician wrote a note on November 30, 2001, specifying that Stevens should perform only light duty, with no lifting over 20 pounds and no overhead work. That note triggered Footstar's 30-day policy on light duty; however, the record before Judge Stenger had closed by that time. Gary Wetter, Footstar's corporate safety manager, testified that he expected Stevens to leave Footstar on December 28, at the expiration of the 30-day light duty period.

Wetter testified that he received Judge Stenger's award on or about December 21, 2001, and that he contacted Melodie Lemons at Travelers to discuss its ramifications. According to Wetter, Travelers was not prepared to take any action regarding Stevens at that time. Wetter testified that he told Lemons that Footstar would "keep [Stevens] on until after the holidays," which he explained referred to her employment in a light duty capacity. Wetter believed that Travelers would begin paying Stevens income benefits in January 2002.

Stevens's condition continued to deteriorate until she ceased working for Footstar on January 5, 2002. When Wetter learned that Travelers had refused to pay Stevens income benefits, Footstar began paying her out of the company's own workers' compensation budget as of January 5, because Wetter believed "it was the right thing to do." He testified that he believed either Travelers or Liberty Mutual, whichever insurer was determined to be responsible, would be required to reimburse Footstar. Footstar paid Stevens $329.92 per week through May 2003.

Stevens filed a Form WC-14 requesting income benefits on October 6, 2002, and requests for hearings on April 22 and on June 17, 2003, and Judge Stenger held a hearing on October 31, 2003, to determine whether she was entitled to income benefits and, if so, which insurance carrier was responsible for any such benefits. In an

award dated December 24, 2003, Judge Stenger adopted his December 18, 2001, award and again concluded that Stevens had suffered a compensable injury on November 8, 1999. He found that the change in condition two-year statute of limitation, OCGA § 34-9-104 (b), did not apply because Travelers had never paid income benefits to Stevens. Judge Stenger concluded that if the claim was not a change in condition, then a fictional new accident had to be established. Accordingly, he found that January 5, 2002, the day Stevens left work, was the fictional new accident date. Because Liberty Mutual was the insurance carrier on that date, Judge Stenger declared it responsible for any benefits due Stevens.

Liberty Mutual appealed to the appellate division, where the Board affirmed the award in part and reversed in part on June 30, 2004. The Board adopted Judge Stenger's findings of fact and conclusions of law except for the factual finding that a new injury had occurred on January 5, 2002, and the holding that the change in condition statute did not apply to "medical only" claims. Instead, the Board found that the statute did apply to such claims if a compensable injury had been established by award[2] and reversed Judge Stenger's December 24, 2003, decision to that effect. The Board held that Travelers was responsible for payment of disability and ongoing medical benefits to Stevens, because it was the insurance carrier at the time of Stevens's injury. The Board found as a matter of fact that the evidence demonstrated that Stevens had suffered a change in condition for the worse rather than a new injury. Travelers appealed, and the Superior Court of Glynn County affirmed the Board's decision. Travelers filed an application for a discretionary appeal, which was granted.

The appellants, Footstar and Travelers, contend that the Board erred in finding that Stevens had suffered a change in condition rather than a new injury, and that the superior court in turn erred in affirming the Board's decision. "It is axiomatic that the findings of the [Board], when supported by any evidence, are conclusive and binding, and that neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the Board." (Citations omitted.) *Haralson County v. Lee*, 264 Ga. App. 68, 70 (589 SE2d 872) (2003). Whether the evidence in a workers' compensation case establishes a change in condition or a new injury is a question of fact, and we are bound by the any evidence rule. *Cypress Cos. v. Brown*, 246 Ga. App. 804, 806 (542 SE2d 544) (2000). Bearing this

---

[2] The Board cited Judge Stenger's December 18, 2001, award finding that the injury was compensable.

standard in mind, we find evidence in the record summarized above to support the Board's findings.

We have distinguished between a change in condition and a new injury as follows:

> When a claimant sustains an injury, is awarded compensation, returns to his normal and ordinary job duties, but then as a result of "the wear and tear of ordinary life and the activity connected with performing his normal duties," his condition gradually deteriorates to where he cannot continue to perform his ordinary work, such facts constitute a change in condition and not a new accident. On the other hand, when a claimant is injured on the job but continues, without an agreement or award, to perform the duties of his employment until forced to cease work because of a gradual worsening of his condition that is at least partly attributable to his physical activity in continuing to work, such facts constitute a "new accident."

Id. at 806-807, citing *Central State Hosp. v. James*, 147 Ga. App. 308, 309-310 (1) (c) (248 SE2d 678) (1978).

The appellants contend that OCGA § 34-9-104 mandates a different result than that reached by the Board and the superior court. That Code section provides for the modification of a prior award in a workers' compensation claim based on a change in condition. OCGA § 34-9-104 (a) (1) defines the term "change in condition" as

> a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary covered by this chapter, which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise.

In this case, the Board cited the language in subsection (a) (1) and found that Stevens's condition was established as compensable by Judge Stenger's December 18, 2001, award.

The appellants point out that the December 18, 2001, award granted only medical benefits to Stevens and that the Board did not address OCGA § 34-9-104 (b), which refers to the prior award as having awarded income benefits. That subsection establishes a two-year statute of limitation for modification of an earlier decision based on a change in condition. However, we are not persuaded by the appellants' argument that the entire change in condition statute applies only in cases where income benefits have been awarded from

the outset, particularly in light of the fact that the statutory definition of "change of condition" makes no reference to what type of compensation must have been awarded, only that the "wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise." OCGA § 34-9-104 (a) (1). In *Chevrolet Div., Gen. Motors Corp. v. Dempsey*, 212 Ga. 560 (93 SE2d 703) (1956), our Supreme Court recognized that under the original Workmen's Compensation Act, Ga. L. 1920, p. 167, "an award of medical expenses is an award of compensation within the meaning of the act." Id. at 564. Of course, the present case is governed by the most recent incarnation of the statute; however, we are mindful that "[t]he Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose." (Citation omitted.) *City of Waycross v. Holmes*, 272 Ga. 488, 489 (532 SE2d 90) (2000).

In this case, the Board relied on the legal effect of the December 18, 2001, award establishing Stevens's condition as compensable. The cases cited by the appellants, including *Smith v. Mr. Sweeper Stores*, 247 Ga. App. 726 (544 SE2d 758) (2001); *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673 (417 SE2d 693) (1992); *Northbrook Property & Cas. Ins. Co. v. Babyak*, 186 Ga. App. 339 (367 SE2d 567) (1988), are distinguishable because none involved an injury that had been established as compensable by an award. Finding no error, we affirm the superior court's affirmance of the Board's award.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 1, 2005 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Robert K. Hardeman*, for appellants.

*Richter, Head, Shinall & White, Bert J. Slotkin, Andrea R. Mitchell, Edward E. Boshears*, for appellee.