## S06G0125. FOOTSTAR, INC. et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

(637 SE2d 692)

BENHAM, Justice.

In 1999, Felicia Stevens was injured on the job while Travelers Insurance Company provided workers' compensation coverage for her employer, Footstar, Inc. She continued working and received medical benefits only. After Liberty Mutual Insurance Company became the workers' compensation carrier for Footstar in 2001, Travelers sought a ruling that Stevens had suffered a fictional new injury, a ruling which would have shifted coverage to Liberty Mutual. However, an administrative law judge entered instead an award establishing the fact of Stevens's 1999 injury and rejecting the claim of a new injury. When Stevens became unable to continue working in January 2002, Footstar commenced voluntary payment of income benefits. In 2003, ruling on Stevens's claim for a formal award of income benefits, an administrative law judge concluded that since Stevens could not have had a change in condition because income benefits had never been paid pursuant to an award, a fictional new accident was deemed to have occurred January 5, 2002, the last day Stevens was able to work. The Appellate Division of the State Board of Workers' Compensation reversed, holding that although the change-in-condition statute does not apply to "medical only" claims unless a compensable injury had been established by award, the 2001 award denying Travelers' contention of a new injury was an award which established a compensable injury. Thus, the Appellate Division ruled, Stevens had suffered a change in condition, not a new injury, and Travelers remained responsible for coverage. The superior court affirmed, and in *Footstar, Inc. v. Stevens*, 275 Ga. App. 329 (620 SE2d 588) (2006), the Court of Appeals affirmed the judgment of the superior court, noting that an award of medical expenses was held to be an award of compensation within the meaning of the original Workmen's Compensation Act and applying that principle to this case

to hold the change-in-condition statute applicable to cases in which income benefits had not been paid. We granted a writ of certiorari and requested the parties address the issue of whether the workers' compensation "change in condition" statute, OCGA § 34-9-104, is limited to cases where income benefits have been awarded from the outset.

The keystone of appellants' argument in this case is their contention that the change-in-condition statute does not apply unless the claimant has previously been awarded income benefits. However, the cases appellants cite in support of their argument are either inapposite or are distinguishable. For instance, *Guarantee Mut. Ins. Co. v. Wade Investments*, 232 Ga. App. 328 (499 SE2d 925) (1998), does require, as appellants contend, that a prior award precede any claim of change in condition, but does not require the prior award involve income benefits. *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673 (417 SE2d 693) (1992), cited by appellants and the dissent for the proposition that a medical-only claim is not subject to the change-in-condition statute, involved only a claim for additional medical treatment, not a claim for income benefits as in the present case. Directly contrary to the interpretation of *Wier* offered by appellants and the dissent is *Liberty Mut. Ins. Co. v. Bray*, 148 Ga. App. 868 (2) (253 SE2d 209) (1979), holding that an award of medical benefits is an award of compensation authorizing a review for a change in condition.

Turning to the statute itself, we observe that OCGA § 34-9-104 (a) (1), defining change in condition, refers to prior awards without any mention of income benefits:

> [T]he term "change in condition" means a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary covered by this chapter, which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise.

Applying that definition to the facts of this case, we first note that the claimant here has undergone a change in her wage-earning capacity because the worsening of her physical condition prevents her from continuing to perform her job. The next part of the definition, "which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee or other beneficiary was last established by award or otherwise," is met in this case by the 2001 award establishing the fact of Stevens's 1999 compensable injury. The facts of this case, therefore, bring it within the definition of a change in condition in OCGA § 34-9-104 (a) (1).

Notwithstanding the close fit of the facts of this case to the statutory definition of a change in condition, appellants contend language in the period of limitation portion of the change-in-condition statute, OCGA § 34-9-104 (b), makes the entire statute applicable only to cases in which income benefits have previously been awarded. The language on which appellants rely is that which limits the ability of the Board or a party to apply, on the ground of change in condition, for "another decision . . . ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision [unless] . . . at the time of application not more than two years have elapsed since the date the last payment of income benefits" for temporary partial or total disability. Because the period of limitation provision in subsection (b) refers only to changes relating to income benefits, appellants reason that the prior award to which subsection (a) (1) refers can only be an award of income benefits. Reading the statute otherwise, appellants argue, yields the unacceptable result that OCGA § 34-9-104 (b) would provide a period of limitation only for change-in-condition cases involving prior awards of income benefits, and there would be no limitation period for change-in-condition cases in which the previous award had authorized medical benefits only. We agree with appellants that if subsection (a) (1) is read to apply to all awards without regard to the payment of income benefits, the specificity of subsection (b) in referring to awards of income benefits requires the conclusion that the period of limitation in subsection (b) applies only to prior awards of income benefits and that no period of limitation is provided for awards of medical benefits only. We disagree, however, with appellants' conclusion that such a result is unacceptable.

We find three of the principles of statutory construction set out in *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997), to be useful to our consideration of OCGA § 34-9-104:

> First, courts should construe a statute to give "sensible and intelligent effect" to all of its provisions and should refrain, whenever possible, from construing the statute in a way that renders any part of it meaningless. [Cit.] Second, a court's duty is "to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious." [Cit.] Third, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole. [Cit.]

A construction of OCGA § 34-9-104 that includes prior awards of medical benefits only within the change-in-condition provisions of subsection (a) (1) and restricts the period of limitation provision in subsection (b) only to prior claims of income benefits permits the language of each section to be meaningful, brings the sections into harmony with each other, and accords with the intent of the legislature in enacting workers' compensation laws. "The Workers' Compensation Act is a humanitarian measure which should be liberally construed to effectuate its purpose. [Cit.]" *City of Waycross v. Holmes,* 272 Ga. 488, 489 (532 SE2d 90) (2000). The interpretation of OCGA § 34-9-104 (b) as providing a period of limitation only in cases in which income benefits have been paid is fully consistent with the humanitarian purposes of the statute in that it allows an employee who is injured and needs medical treatment, but is able to continue working, to do so with confidence that should the stresses of work cause a worsening of the condition such that the employee becomes unable to work, the employee would be entitled to seek income benefits. It would be contrary to the humanitarian purpose of the statute to rule that an employee who works two years with a worsening injury would then be ineligible for income benefits when the injury becomes too debilitating to permit continued work. Our interpretation of the statute as not providing a period of limitation for a change in condition when the prior award was for medical benefits only is also conceptually consistent with the recognition in *General Ins. Co. v. Bradley,* 152 Ga. App. 600 (263 SE2d 446) (1979), that no period of limitation is provided for seeking continued medical benefits under OCGA § 34-9-200.

To summarize, we hold that whether there has been a change in condition is controlled by the terms of OCGA § 34-9-104 (a) (1), which does not mention income benefits. The fact that the period of limitation provision in OCGA § 34-9-104 (b) applies by its terms only to cases in which income benefits have been paid is consistent with the purposes of the statute and does not require that subsection (a) (1) of the statute be read in a manner at odds with the language of that subsection. The Court of Appeals was correct in its ruling affirming the superior court's approval of the award of the Appellate Division of the State Board of Workers' Compensation declaring that Stevens suffered a change in condition.

*Judgment affirmed. All the Justices concur, except Carley and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

The dispositive issue in this case is which insurer, Travelers Insurance Company (Travelers) or Liberty Mutual Insurance Company (Liberty Mutual), is responsible for paying workers' compensation income benefits to Felicia Stevens. In 1999, she was injured in the course of her employment with Footstar, Inc. (Footstar). At that time, Travelers was the workers' compensation carrier for Footstar. Ms. Stevens did not quit working as the result of her injury, and she received only medical benefits from Travelers. In 2001, Liberty Mutual became Footstar's workers' compensation carrier. In January of the following year, Ms. Stevens became unable to continue to perform her job, and she applied for workers' compensation income benefits. The Administrative Law Judge (ALJ) concluded that she suffered a fictional "new accident" on the last day she was able to work and that Liberty Mutual was, therefore, responsible for her income benefits. However, the Appellate Division of the State Board of Workers' Compensation (Board) reversed, finding that Ms. Stevens experienced a "change in condition," not a "new accident," and that Travelers was liable for the income benefits. The Court of Appeals affirmed that award in *Footstar, Inc. v. Stevens*, 275 Ga. App. 329 (620 SE2d 588) (2005), and today a majority of this Court affirms the Court of Appeals. In my opinion, however, the ALJ was correct, and Liberty Mutual is the carrier that bears responsibility for the income benefits payable to Ms. Stevens for the fictional "new accident" she suffered in January of 2002. Therefore, I dissent.

" 'A claim for a "change of condition" is a claim for *additional* compensation under the original award.' [Cit.]" (Emphasis in original.) *Northbrook Property & Cas. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988). Ms. Stevens never sought and received any previous income benefits for her job-related injury, so, as a matter of law, this case cannot constitute her "change in condition" claim for such benefits. Until she sought income benefits, she received only medical benefits. However, the law is clear "that medical treatment of a compensable injury in a medical only claim is not subject to [OCGA § 34-9-104,] the change of condition statute. . . ." *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673, 675 (2) (417 SE2d 693) (1992). If a "medical only" claim is not subject to OCGA § 34-9-104, that statute is applicable only to claims for additional income benefits.

The conclusion that OCGA § 34-9-104 does not apply in cases, such as this, which involve an initial claim for income benefits is apparent from the clear and unambiguous wording of the statute itself.

The [B]oard on its own motion may propose or any party may apply under this Code section for *another decision* because of a change in condition ending, decreasing, increasing, or authorizing the recovery of *income benefits awarded or ordered in the prior final decision*, provided that the prior decision of the [B]oard was not based on a settlement. . . . (Emphasis supplied.)

OCGA § 34-9-104 (b). Notwithstanding this express language, the majority, as did the Court of Appeals, relies on subsection (a) (1) of the statute, which defines a "change in condition" and, in so doing, does not refer to the type of compensation that the claimant previously received. However, since that subsection merely defines "change in condition" generally, there is no reason why it should set forth the specific circumstances in which an award based on that definition would be authorized. Those substantive provisions appear in subsection (b) which, in addition to the wording quoted above clearly indicating that an initial award of income benefits cannot be based upon a "change in condition," also includes a limitations period that is measured from "the date [of] the *last payment of income benefits. . . .*" (Emphasis supplied.)

In construing statutes, all words are to be given their "ordinary signification." OCGA § 1-3-1 (b). " 'It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part.' [Cit.]" *Vollrath v. Collins*, 272 Ga. 601, 603-604 (2) (533 SE2d 57) (2000). When those rules of statutory interpretation are applied to OCGA § 34-9-104, it is apparent that subsection (b) is the controlling provision as to when a claim for a "change in condition," as defined in subsection (a) (1), can be brought. Under the clear and unambiguous terms of that controlling provision, a "change in condition" award cannot be based upon an initial claim for income benefits, and must be one which seeks the modification of a prior decision regarding income benefits.

The majority cites *Liberty Mut. Ins. Co. v. Bray*, 148 Ga. App. 868 (2) (253 SE2d 209) (1979) as authority for a contrary interpretation of OCGA § 34-9-104. In that case, however, the employee's claim arose from an injury that occurred before the 1978 amendment to the statute. Decisions subsequent to *Bray* established that the pre-amendment statute was the controlling authority as to such claims. *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462) (1982); *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 801 (1) (320 SE2d 850) (1984). Therefore, notwithstanding that *Bray*, supra, may have cited OCGA § 34-9-104 "as amended through Ga. L. 1978, pp. 2220, 2233," the statute which actually was applicable in that case was "the one in

existence prior to the 1978 amendment. . . . [Cit.]" *Georgia-Pacific Corp v. Sanders*, supra. Under the pre-1978 version of OCGA § 34-9-104 applicable in *Bray*, the payment of medical expenses did constitute a payment of workers' compensation. See *Chevrolet Div., GMC v. Dempsey*, 212 Ga. 560 (93 SE2d 703) (1956); *Standard Acc. Ins. Co. v. Skinner*, 118 Ga. App. 288 (163 SE2d 321) (1968). However, "[i]t is noteworthy that *Standard Accident* has been effectively overruled by the 1978 amendment to OCGA § 34-9-104. In its present form, the statute clearly specifies that the application must be filed within two years 'of final payment of income benefits. . . .' [Cit.]" *Georgia-Pacific Corp. v. Sanders*, supra. If *Standard Acc. Ins. Co.* has been obviated as authority by the 1978 amendment to OCGA § 34-9-104, then I submit that other similar decisions, including *Bray*, which address claims for pre-1978 injuries do not apply to a case, such as this, which involves a claim under the statute as it presently exists. Accordingly, I respectfully suggest that the majority's reliance on *Bray* is misplaced. The holding in that case that medical expenses for a pre-1978 injury constituted workers' compensation for "change in condition" purposes was correct, but the statutory authority cited for that proposition was not. Insofar as Ms. Stevens' 1999 injury is concerned, OCGA § 34-9-104 as amended in 1978 is controlling.

The majority correctly notes that the Workers' Compensation Act should be construed liberally to achieve its humanitarian purpose. Nevertheless, the Act is still a statute and, as such, must be construed in accordance with the applicable rules of construction. "Where the language of the statute is clear, unambiguous, and does not lead to any absurd or impractical consequences, this Court is prohibited from construing the statute differently than the terms of the statute. [Cit.]" *Aldrich v. City of Lumber City*, 273 Ga. 461, 464 (542 SE2d 102) (2001) (construing OCGA § 34-9-104, the "change in condition" statute). That the interpretation given to OCGA § 34-9-104 by the Court of Appeals and now by a majority of this Court violates the applicable rule of statutory construction, as well as the principle of stare decisis, has been recognized by the commentators, who have noted that in *Footstar, Inc. v. Stevens*, supra, "the Court of Appeals appears to have disturbed what was thought to be settled law in regard to change of condition. . . . [I]t seems quite a departure from established law." Hiers and Potter, Ga. Workers' Comp. Law & Practice § 23-9 (2006 Pocket Part). Moreover, the humanitarian purpose of the Workers' Compensation Act is not implicated by this case, since there is no question that Ms. Stevens is entitled to income benefits for her job-related injury, and the only disputed issue is which insurance carrier is responsible for those benefits. The humanitarian purpose of the Act was fully served when the ALJ, in accordance with the applicable principles of workers' compensation law, found that Ms.

Stevens suffered a fictional "new injury" on the day that she was no longer able to perform her job. See *Blackwell v. Liberty Mut. Ins. Co.*, 230 Ga. 174 (196 SE2d 129) (1973). Since Liberty Mutual was the carrier on the date that Ms. Stevens suffered that fictional "new accident," it bears responsibility for the income benefits. Thus the Appellate Division wrongly reversed the ALJ's award, the Court of Appeals thereafter erred in affirming the Appellate Division, and, today, the majority incorrectly affirms the Court of Appeals.

I am authorized to state that Justice Melton joins in this dissent.

DECIDED NOVEMBER 20, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Shivers & Associates, Robert K. Hardeman, Edwin G. Russell, Jr.*, for appellants.

*Edward E. Boshears, Richter, Head, Shinall & White, Bert J. Slotkin*, for appellees.