## 35906. FLOYD COUNTY BOARD OF COMMISSIONERS et al. v. FLOYD COUNTY MERIT SYSTEM BOARD et al.

BOWLES, Justice.

In April, 1977 the acting county manager of Floyd County attempted to fire a personnel technician who worked for the Floyd County Merit System Board. The employee appealed to the Floyd County Merit System Board for a hearing on her purported dismissal. The Board concluded that the employee was subject to its jurisdiction and control and that the county manager was without the authority necessary to discharge her. The Floyd County Board of Commissioners filed a writ of certiorari to the Superior Court of Floyd County. The court upheld the decision of the Merit System Board.

The appeal in this case boils down to the basic question "Whether or not the Floyd County Merit System Board, under the acts of the legislature creating that board (Ga. L. 1967, pp. 2253-2260, as amended Ga. L. 1968, pp. 2400-2405, Ga. L. 1969, pp. 2505-2513) has the authority, express or implied, to hire and fire employees necessary to its proper function."

We conclude that it does, and thus affirm the trial court in that regard.

Code Ann. § 102-102 (9) provides, "In all interpretations, the court shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy . . ." That the purpose of the Act creating the Floyd County Merit System Board is to prevent the hiring and firing of individuals based purely on the political whim of those who may be in power seems abundantly clear. This is the evil sought to be protected against. The remedy was to create a board of review so that any employment or discharge will be in conformity with rules and regulations to be promulgated by the board.

There appears to be no express authority contained in the original Act or any amendment thereto which says that the board can hire and fire its own personnel. However, section 3(f) of the Merit System Act (Ga. L. 1969, p. 2509) provides as follows: "The governing authority of the county is authorized and directed to provide the necessary office space, equipment, and employees to the board for the accomplishment of its duties." In our judgment the Act does contemplate and in effect provides the board will use office space, equipment, and employees. If the board has the use of employees it would appear axiomatic that it would have the right to hire or fire an employee.

Appellants, who are the Floyd County Board of Commisioners,

take the position that inasmuch as the creating Act says that the county commissioners will provide employees for the merit board the county commissioners would also have the right to hire and discharge those employees. How then can the merit board effectively and impartially perform its functions if its employees are to be controlled as to hiring and firing by another government entity? Could it reasonably be urged that once the county commissioners furnished to the board office space and equipment, as the Act provides, they could summarily close the office doors, or summarily withdraw the typewriters or the heating equipment? The answer appears obvious that they cannot, but if their contention is carried to the extreme such would be the result.

(1) "An administrative body, created by an act of the legislature, has only such powers as are expressly or by necessary implication conferred upon it." *Bentley v. State Board of Medical Examiners,* 152 Ga. 836 (111 SE 397) (1922), 1 EGL 307, Administrative Law, § 6. Thus express power cannot be extended or enlarged by rules and regulations, or specific acts of the agency. On the other hand, where express powers are authorized, those incidental powers reasonably neccessary to carrying out the express authority granted are deemed to be included by implication. *Ledbetter Brothers, Inc. v. Floyd County,* 237 Ga. 22 (226 SE2d 730) (1976); *Spalding County v. Chamberlin & Co.,* 130 Ga. 649 (3) (a) (61 SE 533) (1908).

(2) The Act creating the Merit System Board places broad responsibilities on that body in regard to the hiring, firing, promotion, etc., of county employees coming under its provisions. It would strain the mind to think that such a body could function without personnel. The Act itself specifically recognizes the necessity. The provision of the Act hereinabove quoted that the personnel is to be furnished by the governing authority does not mean that the personnel so furnished are not employees of the Merit Board itself. To hold otherwise would defeat the legislative purpose and could obstruct the performance of the Merit Board in carrying out its duties. We hold that this body had implied powers to hire and discharge employees in keeping with its annual budget,[1] the same being reasonably necessary to execute the powers conferred. *Bentley v. State Board of Medical Examiners,* supra. Compare *Wright v. Floyd County,* 1 Ga. App. 582 (58 SE 72) (1907).

*Judgment affirmed. All the Justices concur.*

---

[1]See, Floyd County Merit System Act, House Bill 700, Ga. Laws 1969 Session, Section 4(c).

SUBMITTED FEBRUARY 1, 1980 — DECIDED JUNE 17, 1980.

*Jones & Robbins, Frank H. Jones,* for appellants.
*George Anderson, Robert G. Walther,* for appellees.