## 73941. GEORGIA INSURERS INSOLVENCY POOL
### v. MOORE et al.
#### (357 SE2d 823)

SOGNIER, Judge.

This is the second application for interlocutory appeal made by the Georgia Insurers Insolvency Pool (GIIP) that we have granted. See *Georgia Insurers Insolvency Pool v. Moore*, 175 Ga. App. 430 (333 SE2d 383) (1985). The trial court denied GIIP's motion for summary judgment on the issue whether the notice given to Delores (Moore) Taggert by the Insurance Commissioner of Georgia, acting as Ancillary Receiver for Reserve Insurance Company (Reserve), sufficiently complied with statutory and court-ordered requirements in order to bar Taggert from participation in the distribution of Reserve's assets. See id. at 434. We affirm the trial court's order.

Appellee made a claim on Reserve in 1978 for personal injury protection (PIP) benefits as a result of injuries received by her son in an accident while in a vehicle insured by Reserve. Appellee received $5,000 from Reserve and subsequently allowed the policy to expire. In 1979, Reserve was declared insolvent by a court in its domiciliary state of Illinois. Acting pursuant to OCGA § 33-37-1 et seq., the Fulton County Superior Court appointed the Insurance Commissioner to serve as Ancillary Receiver and ordered him to liquidate the property of Reserve in Georgia. The court then directed the Ancillary Re-

ceiver "to notify by mail all persons residing in Georgia known to have claims against Reserve to file their claims with the Ancillary Receiver" on or before the court-ordered deadline. See also OCGA § 33-37-16 (b). The court further directed the Ancillary Receiver to publish in a newspaper of general circulation a notice describing the manner and deadline for filing of all claims. The evidence is uncontroverted that appellee was never contacted by mail by the Ancillary Receiver and that her letter electing to retroactively purchase $50,000 in PIP benefits from Reserve was received by GIIP some 15 months after the deadline for filing all claims against Reserve.

In *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), the Supreme Court held that under OCGA § 33-34-5, as also interpreted in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), an insurance policy application form that fails to provide for the signatures required by the statute in order to reject additional optional PIP benefits automatically provides for such benefits from the very inception of the policy. *Flewellen*, supra at 712 (1), 715 (3). The earliest date a claim for these benefits accrues is the date on which an action on the claim could first be maintained to a successful result, i.e., the date of the accident itself. *Bryant v. Allstate Ins. Co.*, 254 Ga. 328 (326 SE2d 753) (1985). Since such a claim must first be activated by the tendered payment of any additional premium due and the filing of proof of loss by the injured party, *Flewellen*, supra, we held in *Moore*, supra, that such a claim is contingent, or "inchoate, imperfect, and unfinished." Id. at 432. Thus, appellee had a contingent claim for additional PIP benefits viable from the date of the accident which could have been asserted prior to the court-ordered deadline for filing claims against Reserve. Id. at 434. Appellee's argument that it was impossible for her to comply with the deadline because she was not aware of her right to assert her claim for additional PIP until after the *Jones* decision was handed down (five and one-half months after the court-ordered deadline) was discounted by the court in *Moore*, comparing the deadline for filing claims against Reserve to the statute of limitation bar in *Georgia Farm Bureau Mut. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 365) (1985). *Moore*, supra. The rationale of *Musgrove*, supra, is that so-called *"Jones"* claims are based on violations of the legislature's clear statutory drafting in OCGA § 33-34-5, *Flewellen*, supra at 713, rather than on any novel interpretation of that statute by the *Jones* court. Therefore, claimants' knowledge or lack of knowledge of *Jones* has no bearing on the viability of the claims which parties "could have discovered . . . for themselves prior to the *Jones* decision." *Musgrove*, supra at 335.

The Insurance Commissioner, as Ancillary Receiver, was obligated to notify "all persons who may have claims" against the insurer,

Reserve. OCGA § 33-37-16 (b). This required the Commissioner to contact not only those persons "known" to have claims (as per the Fulton County Superior Court order) but also those persons with unperfected claims who might or might not have asserted those claims against Reserve. See also OCGA § 33-36-8. Although the contingent claims against Reserve predate the opinion in *Jones*, the rationale of *Musgrove*, supra, as applied to claimants, is equally applicable to the Insurance Commissioner of Georgia, if not more so, since it cannot reasonably be argued that the Insurance Commissioner of Georgia is less aware of the viability of claims under insurance policies clearly defective as a matter of law than the average Georgia citizen chargeable with such awareness under *Musgrove*. Hence, the trial court's denial of summary judgment will be affirmed because of the lack of a showing by movant that statutory and court-ordered notice had been complied with by the Ancillary Receiver.

Since this issue is dispositive of the appeal, we need not address that part of the trial court's order regarding the newspaper notice published by the Ancillary Receiver in which the trial court apparently, as a matter of law, grafted an "easy and convenient" requirement onto the Fulton County Superior Court's order.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 6, 1987 —
REHEARING DENIED MAY 26, 1987 — 

*Stanley Thomas Snellings, James T. Budd, Wilbur C. Brooks,* for appellant.
*William D. Sparks,* for appellees.