A91A0955, A91A0956. GARAMENDI v. RYLES (two cases).
(420 SE2d 633)

CARLEY, Presiding Judge.

The Mission Companies, a group of insurance companies having their principal place of business in California, became insolvent. Appellant, in his capacity as the California Insurance Commissioner, was appointed as the domiciliary liquidator. Appellee, in his capacity as

the Georgia Insurance Commissioner, was appointed as the ancillary receiver. A dispute arose as to whether it is appellant or appellee who has title to Mission Companies' Georgia assets and, in the instant ancillary receivership proceedings, cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellee and entered an order vesting title in appellee. Appellant appeals from those orders and the two appeals are hereby consolidated for appellate disposition in this single opinion.

1. Under common law, it is appellant, and not appellee, who would hold title to Mission Companies' Georgia assets. Appellant, "acting as receiver for a corporation in the State of [California], is acting by authority of the statutes of [California], as well as the authority with which he is clothed by the decree in the [California] court designating him as receiver. By the [California] statute he is clothed with the same authority that the [Mission Companies] had before [they were] adjudged insolvent and the receiver appointed." *Wilson v. Missouri State Life Ins. Co.*, 184 Ga. 184, 186 (5) (190 SE 552) (1937). "[I]n opposition to the laws of [California], [appellee] can[not] seize the assets of the defunct corporation[s] of [California] which are located in Georgia, and apply them in satisfaction of the claims of citizens of Georgia." *O'Malley v. Wilson*, 182 Ga. 97, 107 (2) (185 SE 109) (1936). Contrary to appellee's contentions, "it is not made to appear that justice can not be done in the State of [California], or that [appellant], a State Officer in [California], will unjustly discriminate against the creditors of the insurance compan[ies] who are citizens of Georgia." *O'Malley v. Wilson*, supra at 112 (2). Under California law, appellant is "deemed to be a trustee for the benefit of *all* creditors and other persons interested in the estate of the [Mission Companies]." (Emphasis supplied.) Cal. Ins. Code § 1057. Although California law does provide a preference for claims for certain expenses and taxes, all other claims, including those of Georgia creditors, are given the same priority. See Cal. Ins. Code § 1033. Compare *Bailey v. State of Fla.*, 411 S2d 269, 272 (Fla. App. 1982).

Although common law favors appellant over appellee, the Uniform Insurers Liquidation Act, former OCGA § 33-37-40 et seq., was in effect in this state at the times relevant to this appeal. Appellee urges that this statutory enactment supersedes the common law and is controlling. Under former OCGA § 33-37-43 (c), title to the Mission Companies' Georgia assets would vest in appellant *if* California was a "reciprocal state." Since, according to appellee, California is *not* a "reciprocal state," he urges that title to the Mission Companies' Georgia assets would vest in him by default.

Appellee's construction of the former Uniform Insurers Liquidation Act is erroneous. "[E]ven [if California is] not . . . a reciprocal state, it [is] still appropriate to extend comity to [California] by al-

lowing its insurance commissioner, acting as a statutory liquidator, to [acquire title to the assets of the Mission Companies and to distribute them according to California law]. [T]he Uniform Act nowhere prohibits such a privilege to a non-reciprocal state and . . . the purpose of the act was to 'enlarge rather than to contract the areas for the operation of interstate comity.' Given that even under common law, [Georgia] courts had extended comity to delinquency proceedings in foreign states, . . . it [is] appropriate to do so in [this] case . . . as well." *Twin City Bank v. Mut. Fire &c. Ins. Co.*, 646 FSupp. 1139, 1141 (S.D.N.Y. 1986). Thus, the former Uniform Insurers Liquidation Act did *not* supersede the common law of Georgia. It would be anomalous to construe a statute, intended to broaden interstate comity, as having the effect of limiting the interstate comity which would otherwise exist under common law. Since, as previously discussed, the common law *would* recognize appellant's title to Mission Companies' Georgia assets under the existing circumstances, it follows that the trial court erred in granting summary judgment in favor of appellee and in denying appellant's motion for summary judgment as to this issue. Accordingly, the order vesting title in appellee to the Mission Companies' Georgia assets must be reversed with direction that an order vesting title in appellant be entered.

2. Appellant also raises on appeal an issue concerning his right to make claims on behalf of certain Georgia creditors of the Mission Companies with regard to the fund deposited by the Mission Companies with appellee pursuant to OCGA § 33-3-9. Apparently the contention is that those Georgia creditors did not receive the requisite notice from appellee mandated by former OCGA § 33-37-16 (b) and that the trial court erred in denying appellant's motion for summary judgment as to this issue.

If appellee did not comply with the former statutory notice provision, the Georgia creditors would not be barred by their failure to have filed timely claims with appellee. *Georgia Insurers &c. v. Moore*, 183 Ga. App. 66 (357 SE2d 823) (1987). If, on the other hand, appellee did comply with the statutory notice provision and the Georgia creditors thereafter elected not to file timely claims with him but elected instead to file claims directly with appellant, their claims against appellee would be barred. A review of the record demonstrates that genuine issues of material fact remain as to appellee's compliance with the statutory notice provisions of OCGA § 33-3-9. Accordingly, the trial court did not err in denying appellant's motion for summary judgment as to this issue.

*Judgment affirmed in part and reversed with direction in part. Pope and Johnson, JJ., concur.*

DECIDED JULY 1, 1992.

*Alston & Bird, Robert D. McCallum, Jr., Geoffrey H. Cederholm III, James C. Grant,* for appellant.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Deputy Attorney General, Mark H. Cohen, Senior Assistant Attorney General, Thomas A. Cox, Jr., Assistant Attorney General, William W. Calhoun, Staff Attorney, Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks, James T. Budd,* for appellee.