[No. 59189-0. En Banc. January 20, 1994.]

AMERICAN STAR INSURANCE COMPANY, *Respondent*, v. EARNEST L. GRICE ET AL, *Defendants*, MARGARET ANN KING, ET AL *Appellants*, GREAT AMERICAN INSURANCE COMPANY, *Respondent*.

*J. Patrick Duffy, Jr.,* and *Messina Duffy,* for appellant King.

*John Francis Kennedy,* for appellant Tacoma.

*Lee, Smart, Cook, Martin & Patterson,* by *Duncan K. Fobes,* for respondent Great American Insurance Co.

*Mark J. Backe* on behalf of the Commissioner of Insurance for the State of Wisconsin, amicus curiae.

ANDERSEN, C.J. —

## FACTS OF CASE

In 1992, we heard argument in the case of *American Star Ins. Co. v. Grice,* 121 Wn.2d 869, 854 P.2d 622 (1993), in which we were asked to interpret identical language in insurance policies of two different insurance companies. The

case being reviewed was a declaratory judgment action brought by the insurers to determine insurance coverage after the insured party had been sued. After the case had been briefed and argued, and after the opinion had been written and fully signed, but prior to its being filed, the Washington Insurance Guaranty Association (WIGA) informed all concerned that one of the insurance companies, American Star, had been declared by a Wisconsin court to be an insolvent insurer.

Wisconsin is a "reciprocal state" under the Uniform Insurers Liquidation Act.[1] WIGA moved for a stay in order to consider whether to intervene in the action. Pursuant to RCW 48.32.160, we stayed the action for 180 days to allow WIGA to intervene, should it choose to do so. The stay expired in May of 1993 and WIGA declined to exercise its statutory option to intervene.

WIGA did, however, inform this court that since American Star was being liquidated pursuant to the Wisconsin version of the Uniform Insurers Liquidation Act that in the absence of an intervention by WIGA or by the Wisconsin liquidator, the action effectively abated as to American Star. The parties in opposition to American Star thereupon proceeded to argue that the action did not abate. Because another insurance company was involved and the case had been delayed so long by the stay, we filed the opinion but stayed its effect 60 days as to American Star to allow briefing on the abatement issue.

This leaves one remaining issue before us in this case.

## ISSUE

Does Wisconsin's order for liquidation and permanent injunction entered during the pendency of the appeal in this declaratory judgment action abate the case with respect to the insolvent insurer, American Star Insurance Company?

## DECISION

CONCLUSION. To the extent this case is an action against the insolvent insurer, American Star, it is abated by the

---

[1]Former RCW 48.31.110(7).

order of the Wisconsin court; to the extent the action is one initiated by the insolvent insurer, the liquidator has effectively elected to abandon the action.

▆▆▆▆ Some of the purposes of the Uniform Insurers Liquidation Act are to provide consolidated, orderly and equitable liquidations of multistate insurers and to secure equal treatment of all creditors wherever situated.[2] The enactment of the uniform act by the various states enlarges the area for operation of interstate comity.[3] Because both Washington and Wisconsin have adopted the Uniform Insurers Liquidation Act,[4] the courts of Washington should recognize the right of the Wisconsin liquidator to seek a stay of all proceedings against the defunct insurer.[5]

In this case, the Wisconsin Insurance Commissioner is the court appointed liquidator of American Star Insurance Company. The findings and conclusions of the Wisconsin order for liquidation and permanent injunction entered on November 16, 1992, state in relevant part:

(2) Section 645.04 (3), Wis. Stat., grants this court exclusive jurisdiction over any complaint seeking liquidation . . . Section 645.05, Wis. Stat., authorizes this court to issue orders and injunctions in furtherance of such proceedings.

. . .

(9) Section 645.49 (1), Wis. Stat., abates all actions and proceedings against American Star wherever it conducted business unless, . . . the Liquidator applies to the court for leave to defend, to be substituted, or to intervene.

The Wisconsin order further provides:

(1) American Star is hereby placed in liquidation.

(2) Pursuant to § 645.42, Wis. Stat., [the Insurance commissioner, his successors or delegees] hereby are appointed Liquidator . . . for American Star.

---

[2] See, e.g., G.C. Murphy Co. v. Reserve Ins. Co., 54 N.Y.2d 69, 79, 429 N.E.2d 111, 116, 444 N.Y.S.2d 592, 597 (1981) Professional Constr. Consultants, Inc. v. State ex rel. Grimes, 646 P.2d 1262, 1266 (Okla. 1982).

[3] E.g., Garamendi v. Ryles, 204 Ga. App. 747, 748-49, 420 S.E.2d 633 (1992).

[4] See table of jurisdictions following RCWA 48.31.110.

[5] See, e.g., G.C. Murphy Co. v. Reserve Ins. Co., 54 N.Y.2d 69, 77, 429 N.E.2d 111, 444 N.Y.S.2d 592 (1981).

. . .

(5) Claims filing deadlines, procedures, and forms are as specified by the Liquidator. . . .

. . .

(7) All persons or entities asserting claims against any property, assets, claims, or rights of action, in which American Star had a direct or indirect interest shall be and hereby are enjoined and restrained from instituting or prosecuting any action or proceeding in any court of this state other than this court, in any court of any other state . . ., which would in any way affect such property, assets, claims, or rights of action; or which would interfere with the Liquidator or these proceedings; or which would contest the exclusive rights of the Liquidator to such property, assets, claims, or rights of action.

(8) All persons . . . asserting claims arising out of policies issued by or on behalf of American Star shall be and hereby are enjoined and restrained from instituting or further prosecuting any action or proceeding against American Star, . . . in . . . any court of any other state . . .

Wis. Stat. § 645.49 provides in part:

Upon issuance of any order appointing the commissioner liquidator of a domestic insurer . . ., *all actions and all proceedings against the insurer whether in this state or elsewhere shall be abated* and the liquidator shall not intervene in them, except as provided in this subsection.

(Italics ours.)

A party to this action, the City of Tacoma, argues that in spite of this court order, and the Wisconsin abatement statute, the action against American Star did not abate because the declaratory judgment action (seeking a finding that there was no coverage under the insurance policy) was brought by American Star and hence was not an action "against" American Star. That is not entirely accurate. The parties opposing American Star did in fact seek affirmative action in this court against American Star when they asked this court to declare that there was coverage under American Star's policy.[6] Additionally, to the extent the underlying cause of action against the insured joined the insurer, it would have been abated by the Wisconsin court's order for liquidation and the Wisconsin statute.

---

[6]Opening Brief of Appellants, at 44-45; Opening Brief of Appellant City of Tacoma, at 42 (arguing this court may rule that coverage is afforded as a matter of law under the two policies, American Star's and Great American's).

To the extent the declaratory judgment action was brought *by* American Star, another section of Wisconsin's version of the Uniform Insurers Liquidation Act is applicable. Wis. Stat. § 645.46(12) (1980) provides in part that *the liquidator may*:

> Continue to prosecute and institute in the name of the insurer . . . any suits . . . in this state or elsewhere, and *abandon the prosecution of claims he or she deems unprofitable to pursue further.*

(Italics ours.)

▮ The City of Tacoma argues that there is no indication that the Wisconsin Insurance Commissioner, as liquidator, has abandoned the declaratory judgment action in this court. In fact, this court received a letter from the counsel for the Wisconsin Insurance Commissioner declaring that the liquidator has abandoned the prosecution of this action.[7] The City of Tacoma also argues that even if the liquidator decided not to pursue the case, it would not abate, but would simply "run its course and the judgment entered would be binding on the liquidator". No authority or persuasive rationale has been offered in support of this statement. Any such conclusion would effectively negate the liquidator's statutory right to abandon claims, and we cannot so conclude.

The City of Tacoma also relies on very old Washington cases that discuss when actions abate against corporations. Its position is that because Wisconsin law does not necessarily dissolve an insurance company immediately upon liquidation[8] that Wisconsin law allows actions in other states to proceed against insolvent insurers. This ignores the very clear language in the Wisconsin abatement statute quoted above.[9]

---

[7]Letter of September 30, 1993, which we accepted as an amicus brief and caused to be served on all parties herein.

[8]Wis. Stat. § 645.44 (1980).

[9]Wis. Stat. § 645.49(1) (1980).

As Appleman points out in his treatise:

> The Uniform Insurers Liquidation Act authorizes the court in which the delinquency proceeding was instituted against the insurer to enjoin all persons from seeking or obtaining preferences, judgments, attachments, or other liens or the making of any levy against the insurer so long as the court retained jurisdiction. *An injunction entered by a court* barring all persons from obtaining judgments against an insolvent automobile insurer and restraining all persons from interfering with the conduct of business by the liquidator *should be given full faith and credit.* . . . The intent of a statute prohibiting an action at law or equity from being commenced or prosecuted against an insurance company after the date of suspension by the Insurance Commissioner is to freeze the rights of the creditors and policyholders and to prevent prejudicial preferences.

(Footnotes omitted. Italics ours.) 19A J. & J. Appleman, *Insurance* § 10727, at 244-45 (1982).

In the present case, the Wisconsin liquidator informs this court that notice has been given to all policyholders and claimants that American Star is in liquidation and that any claims should be filed with the liquidator. The notice also informed claimants that the insurance guaranty fund in the claimant's state provides coverage of claims under policies issued by the liquidated insurance company subject to the deductibles and limits established by state law.

Another party herein, Great American Insurance Company, has also submitted a brief on the abatement issue; in it, Great American agrees with WIGA that the Wisconsin court's order of liquidation effectively removes American Star as a party from this case. Great American points out that the status of American Star should not prevent an action against WIGA and that this court should not decide any of the rights and potential liabilities of WIGA at this time. There appears to be no dispute in this regard. WIGA has consistently recognized that pursuant to the Washington Insurance Guaranty Association Act, RCW 48.32 and specifically RCW 48.32.060, it may ultimately "stand in the shoes" of American Star with respect to any covered claims.

In its latest brief to this court, WIGA explains its position on the abatement issue but agrees that this does not detract

from the fact that to the extent any of the claimants has a covered claim under RCW 48.32, that claim could properly be dealt with by WIGA as required by statute. WIGA also acknowledges that under principles of stare decisis, this court's decision construing policy language in the Great American Insurance Company policy would also apply to the construction of any identical language in a policy of American Star Insurance Company.

We hold: to the extent this action was against American Star, it is abated; to the extent the action was brought by American Star, the liquidator has effectively exercised his statutory option to abandon the action.

UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.