## S99A0035. BRUCE v. MAXWELL et al.
(515 SE2d 149)

THOMPSON, Justice.

When Lottie Bruce, the Tax Commissioner of Clinch County, informed the Clinch County Board of Commissioners that she could not account for between $13,000 and $30,000 of the county's funds, the board engaged an accounting firm to conduct an audit of Bruce's office. Following the audit, the board learned that, from 1992 to 1996, Bruce's office collected, but had not accounted for, approximately $250,000.

Pursuant to OCGA § 48-5-140, the board notified Bruce that she was to render an account, and a hearing was held for that purpose. At the hearing, Bruce offered no explanation as to what happened to the missing funds. The board voted to suspend Bruce without pay, and William Maxwell was appointed as the interim tax commissioner.

Bruce brought a petition for quo warranto, as well as a petition for certiorari, in the superior court seeking reinstatement to office. These cases were consolidated and, following a hearing, the trial court denied the relief sought. Bruce appealed.

A Clinch County grand jury subsequently indicted Bruce and charged her with four counts of malpractice in office. Prior to trial, Bruce reached an agreement with the district attorney in which she agreed to resign from office in exchange for a nolle prosequi of the charges. Bruce tendered her resignation to the governor and he accepted it, effective October 23, 1998.

Inasmuch as Bruce has resigned from office, this appeal, which simply challenges the propriety of Bruce's suspension, is moot and must be dismissed. See *Reynolds v. Kelley*, 231 Ga. 195 (200 SE2d 763) (1973) (question of whether district attorney was improperly removed from office is moot where district attorney resigned after filing appeal). See also *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 284 (1) (276 SE2d 30) (1981). This is not a case in which there is " '[i]ntrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers.' " *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (508 SE2d 653) (1998); cf. *Dolinger v. Driver*, 269 Ga. 141, 142 (2) (498 SE2d 252) (1998).

That Bruce is proceeding via quo warranto is of no consequence. Although such a petition can be brought by a citizen and taxpayer to challenge the qualifications of a public official, *White v. Miller*, 235 Ga. 192 (219 SE2d 123) (1975), Bruce does not contest Maxwell's qualifications. She simply asserts that Maxwell should not have been appointed as the interim tax commissioner because she was suspended improperly. As noted above, that issue was rendered moot when Bruce resigned her office.

*Appeal dismissed. All the Justices concur.*

DECIDED APRIL 12, 1999.

Groover & Childs, Denmark Groover, Jr., Helms & Helms, J. Jeffrey Helms, Jr., for appellant.
Sutton & Associates, Berrien L. Sutton, for appellees.