## S00A0279. VOLLRATH v. COLLINS et al.

(533 SE2d 57)

CARLEY, Justice.

In January of 1999, the three members of the Board of Commissioners of Fannin County unanimously voted to retain Lynn Doss in the position of county attorney. Cline Bowers, who is the former Chairman of the Board of Commissioners, subsequently asserted that he alone had the authority to employ and discharge the County Attorney, and he sought to dismiss Ms. Doss. Commissioners Randy Collins and Yvonne McNelley opposed this move, contending that they too had a vote in the selection and retention of the county's legal representative. Seeking judicial approval of his unilateral authority in the matter, Bowers brought suit for declaratory judgment and injunctive relief and issuance of a writ of mandamus. After conducting a hearing, the trial court denied the claims for mandamus and for an interlocutory injunction. Although Bowers filed this appeal, he subsequently left office, and Dr. Richard Vollrath succeeded him as Chairman of the Board of Commissioners.

1. The Commissioners have moved to dismiss this appeal, asserting that it became moot once Bowers left his post as chairman. Chairman Vollrath opposes the motion to dismiss, and he has filed a motion to substitute himself for Bowers as the appellant.

The issue in this case is not whether Bowers, as an individual, was authorized to serve as chairman of the Board of Commissioners. Compare *Bruce v. Maxwell*, 270 Ga. 883 (515 SE2d 149) (1999). The controversy relates to the actual chairmanship itself, rather than to any particular occupant thereof. The dispositive question is whether whoever serves as the chairman has the sole authority over the employment of the county attorney, and need not share that power with the other two commissioners. Thus, this appeal is not rendered moot by the departure of Bowers from his position. See *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (1) (508 SE2d 653) (1998). Chairman Vollrath has succeeded to the office formerly held by Bowers

and, in that official capacity, he has determined that he will not withdraw the appeal, but wishes to pursue it. Therefore, Chairman Vollrath's motion to become the substituted appellant in this case is granted, and the Commissioners' motion to dismiss the appeal is denied.

2. Under the terms of Ga. L. 1975, p. 2814 et seq., neither Chairman Vollrath alone nor the three commissioners together are granted express specific authority to determine who shall serve as the county attorney. The Commissioners maintain that, in the absence of such a provision in the local act, the power to fill that position is conferred implicitly upon the collective members of the Board by virtue of their authority over the county's financial matters. See *Templeman v. Jefferies*, 172 Ga. 895 (159 SE 248) (1931). However, the power to make hiring decisions for a county can rest upon the grant of general, as well as specific, authority. See *Krieger v. Walton County Bd. of Commrs.*, 269 Ga. 678, 682 (4) (506 SE2d 366) (1998). Thus, the failure of the local act to make a specific grant of authority to employ a county attorney is dispositive only if the statute also fails to provide Chairman Vollrath with the general authority to make that determination. In this regard, the enactment provides, in relevant part, that

> the Chairman shall have the *exclusive* power and authority to appoint, remove and fix the compensation of, within budgetary provisions . . . which may now or hereafter be established by the Board of Commissioners of Fannin County, *all* employees and officials of the County, *except* as to . . . elected officers and employees under their supervision and control.

(Emphasis supplied.) Ga. L. 1975, pp. 2814, 2822, § 12. Clearly, this provision constitutes the general grant to Chairman Vollrath of sole authority to discharge Ms. Doss and to name her replacement, unless she is a county employee who is under the common supervision and control of all three of the elected commissioners. See *Krieger v. Walton County Bd. of Commrs.*, supra at 682 (4) (chairman has general authority over employment of all county employees, except those whose hiring the local act specified as within the control of the board).

The concept of supervision and control connotes the relationship of master and servant. "A master is one who employs another to perform services and who controls or has the right to control the physical conduct of the person employed in the performance of those services. [Cit.]" *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 737, fn. 2 (266 SE2d 922) (1980). No county attorney is engaged to act as the servant of the board of commissioners. Rather the county attorney

serves as the legal representative and agent of the county, and the members of the board are clients rather than supervisors who control the manner in which counsel performs in that legal capacity. "The engagement of counsel does not create the relation of master and servant. [Cit.] A lawyer is employed, not hired. The employment carries with it duties and obligations apart from serving the client. He represents the client." *Claxton v. Johnson County*, 194 Ga. 43, 48 (20 SE2d 606) (1942). See also *Sams v. Olah*, 225 Ga. 497, 506 (8) (169 SE2d 790) (1969). "An attorney at law acts as an agent for his client/principal. [Cit.]" *Newell v. Brown*, 187 Ga. App. 9, 13 (369 SE2d 499) (1988). Thus, each of the three commissioners may be entitled to request that Ms. Doss perform legal services on behalf of the county, but she is in no sense under the supervision or control of any of them. The master-servant and principal-agent

> relationships are very different. At common law, and in all of the jurisdictions of this country (except in instances where changed by statute) the difference in concept is fundamental and substantial. Generally the servant performs work or labor for the master, sometimes skilled and sometimes not, while the agent, within the ambit of his authority, represents his principal in some business dealing. He is vested with authority, real or ostensible, to create obligations on behalf of his principal . . . .

*Southeastern Fidelity Ins. Co. v. Heard*, 123 Ga. App. 635, 639 (3) (b) (182 SE2d 153) (1971), overruled on other grounds, *Ogden Equip. Co. v. Talmadge Farms*, 132 Ga. App. 834, 838 (1) (209 SE2d 260) (1974). Because the Fannin County attorney is not under the common supervision and control of the three commissioners, that position does not fall within the exception to the general authority over hiring decisions which the local act grants exclusively to Chairman Vollrath.

The Commissioners further rely upon language of the local act which provides that the chairman's authority is subject to the "budgetary provisions . . . which may now or hereafter be established by the Board of Commissioners of Fannin County . . . ." Because the Board of Commissioners makes the county's fiscal decisions, the contention is that this statutory language constitutes a limitation on the chairman's power to name a county attorney. If that were true, however, then Chairman Vollrath would have no authority to fill *any* position, since the Board of Commissioners must appropriate the money to pay the salaries of *all* county employees. Thus, such a construction of the budgetary limitation in the local act would render meaningless the "exclusive power and authority" otherwise granted to Chairman Vollrath to hire and fire certain county employees. "It is

a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). The courts will not ascribe to the General Assembly an intention to adopt a statute containing inconsistent or contradictory provisions. *Rollins v. State*, 215 Ga. 437, 441 (2) (111 SE2d 63) (1959). Applying the applicable rules of construction, it is clear that the parenthetical reference to "budgetary provisions" modifies only the immediately preceding grant of authority to the chairman to "fix the compensation of" county employees and officials. It follows that, under the local act, Chairman Vollrath's authority "to fix the compensation" of whomever he appoints to fill the post of the county attorney is, indeed, limited by whatever appropriate "budgetary provisions" are established by all of the commissioners collectively. However, that financial limitation on his power to determine the salary of the county attorney does not extend to his power to name someone to serve in that post. Chairman Vollrath's implicit authority in making that personnel decision is absolute and unconditional. See *Krieger v. Walton County Bd. of Commrs.*, supra. Therefore, the trial court erred in denying his claims for mandamus and an interlocutory injunction.

3. As to his remaining claim, Chairman Vollrath urges that the trial court erred in entering a declaratory judgment in favor of the Commissioners. A review of the record shows, however, that he never invoked any ruling by the trial court as to that claim and that the trial court has never addressed it. Accordingly, the issue of declaratory relief remains pending below, where Chairman Vollrath is free to pursue his claim.

*Judgments reversed. All the Justices concur.*

DECIDED JULY 10, 2000.

*Meadows, Ichter & Trigg, Michael J. Bowers, T. Joshua R. Archer, Merrick D. Bernstein,* for appellant.

*John P. Tucker, Jr., Hollberg & Weaver, George M. Weaver, Doss & Doss, Oliver H. Doss, Jr.,* for appellees.