## S01A0007. WARE v. DEKALB COUNTY EMPLOYEE RETIREMENT SYSTEM PENSION BOARD et al.

(546 SE2d 496)

SEARS, Justice.

The decisive issue in this appeal is whether a 1971 amendment to the DeKalb County Retirement System Pension Plan requires the county to reduce an employee's pension benefits in an amount equal to the workers' compensation benefits that the employee is receiving from the county. The trial court ruled that the pension plan required such a reduction in benefits. We agree for the reasons that follow. Therefore, we affirm.

The 1971 pension plan provision provides, in relevant part, that

[t]he amount of each monthly retirement payment shall be

---

equal to 50% of the participant's monthly rate of earnings as of the date of disability minus the sum of 50% of the Social Security Benefit to which he may be entitled, plus any benefits received through workman's compensation from DeKalb County.[1]

The trial court interpreted this provision to mean that a retiree's pension payment must be determined by first calculating a base retirement benefit of "50% of [his] monthly rate of earnings" and by then reducing the base benefit by the sum of 50% of the social security benefits he receives and any workers' compensation benefits he receives from DeKalb County. Ware, on the other hand, contends that his retirement benefit is determined by calculating a base retirement payment of 50% of his monthly earnings and by then reducing that base benefit *only* by 50% of any social security benefits. As for workers' compensation, Ware contends that the retirement provision simply means that any workers' compensation benefits he receives from DeKalb County will continue to be received separately from and in addition to any pension payment he receives from the county.

We conclude that the trial court properly interpreted the retirement provision. The court's interpretation is consistent with the meaning of the phrase "minus the sum of,"[2] is consistent with the statutory history of this provision,[3] and is consistent with the "well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part."[4] For the foregoing reasons, we hold that the trial court

---

[1] 1971 Ga. Laws 4143.

[2] The word "sum" is defined to mean "the aggregate of two or more numbers" or "the result of performing an addition." Webster's Third New International Dictionary 2289 (1961). Thus, the phrase "minus the sum of" is properly read as requiring the subtraction of an amount of money calculated by the exercise of addition, which in the present case is the addition of 50% of social security benefits and the total amount of workers' compensation benefits.

[3] The previous version of the provision did not mention workers' compensation benefits, and provided that the retirement benefit would be 50% of the employee's monthly earnings, "minus the amount of primary benefits to which the participant may be entitled under the Federal Social Security Act." 1962 Ga. Laws 3096. The 1971 provision at issue in this case changed the phrase "minus the amount of" to "minus the sum of" and added the language concerning workers' compensation benefits. If, as Ware urges, the phrase "minus the sum of" applies only to social security benefits, then the 1971 provision had no effect, as the 1962 provision already deducted social security benefits. Moreover, Ware's interpretation — that the workers' compensation language in the 1971 version merely prevents the deduction of workers' compensation benefits from the retirement benefit — renders the language regarding workers' compensation benefits meaningless, as the 1962 version did not permit the deduction of workers' compensation benefits and as no workers' compensation benefits could be deducted from the retirement benefit unless the retirement plan specifically provided for such a deduction.

[4] *Vollrath v. Collins*, 272 Ga. 601, 603 (533 SE2d 57) (2000), quoting *Houston v. Lowes of*

properly interpreted the pension provision at issue.[5]
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Wendell K. Willard*, for appellant.
*Gambrell & Stolz, Seaton D. Purdom, Bryan M. Cavan, John Hinton IV*, for appellees.

*Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975).
[5] We disapprove any previous interpretation of the retirement provision that is contrary to the interpretation we adopt today, including any interpretation by the trial court in *Russell v. Shepard*, which we affirmed without opinion by Rule 59 at 247 Ga. 695 (280 SE2d 626) (1981). In this regard, "[w]e note also that a Rule 59 decision has no precedential value." *Gwinnett County v. Yates*, 265 Ga. 504, 508, n. 6 (458 SE2d 791) (1995).