A06A1488. DUGGAN v. LESLIE et al.

(637 SE2d 428)

ANDREWS, Presiding Judge.

This appeal involves a conflict between the Board of Commissioners of Hancock County and its chairperson, Samuel Duggan, concerning the scope of their respective powers and duties. Duggan filed a declaratory judgment action seeking a declaration that he is in charge of hiring and firing all county employees. The trial court ruled in favor of the Board, finding that the chairman did "not have the sole authority to hire and fire county employees." For the reasons set forth below, we reverse.

> The general laws of this state grant the governing authority of each county exclusive jurisdiction to control all county property, levy general taxes for county purposes, establish roads and bridges, fill vacancies in county offices, and regulate the county police, health, and support for the poor. By local law, a county may delegate power over any of these issues to the chairperson or chief executive officer of the county governing authority.

(Citations and footnotes omitted.) *Krieger v. Walton County Bd. of Commrs.*, 269 Ga. 678, 680 (1) (506 SE2d 366) (1998). Nothing in the constitution or general laws of this State prevents a board of commissioners from enacting a home rule ordinance that amends the local laws and transfers authority to hire, supervise, and fire employees from the chairperson to itself. Id. at 682 (3). The local laws cannot, however, be amended by resolution. Id. at 683 (4). Based on the above, we must first determine whether the local laws address the division of authority between the board and the chairperson with regard to hiring and firing county employees. Then, we must determine whether the board has amended any applicable provisions through a home rule ordinance.

In 1984, the General Assembly amended the local laws creating the Board of County Commissioners of Hancock County to, in part,

"provide for the powers and duties of the chairman." Ga. L. 1984, p. 3815. The pertinent portions of the amendment follow:

> Section VIII. (a) The chairman of the Board of Commissioners of Hancock County shall devote his full time to the duties of the office. The chairman shall be the administrative and executive official of the board. All [five][1] members of the board, however, shall have an equal vote in all matters pertaining to the affairs of Hancock County.
>
> (b) (1) The chairman shall carry out, execute, and enforce the ordinances, policies, rules, and regulations of the board when such ordinances, policies, rules, and regulations become effective. *Other members of the board shall deal solely through the chairman in all matters concerning the operation, supervision, and administration of the various departments, offices, and agencies of the county government. No member of the board shall directly or indirectly order, instruct, or otherwise attempt to control the actions of county personnel subject to the administrative and supervisory control of the chairman.*
>
> (2) Subject to the approval of the board, the chairman shall have the power to change, consolidate, or abolish any departments, agencies, or offices over which the chairman exercises supervision and control. Subject to the approval of the board, the chairman may create other departments, agencies, and offices, which departments, agencies, and offices, when created, shall be under the supervision and control of the chairman.

(Emphasis supplied.)

In *Krieger*, supra, the Supreme Court of Georgia addressed who had the authority to hire and fire county employees when there was no express provision in the local laws about hiring and firing county employees. Id. at 682 (4). It concluded that "the general power to hire and fire rests with the chairperson in his position as the board's executive officer with power to superintend all of the county's work." Id. at 682-683.

While the local laws governing Hancock County do not explicitly address whether the board or chairperson has general power to hire

---

[1] See Ga. L. 1993, p. 4535, § II (b) (amending local law to provide for five board members instead of three).

and fire county employees, we find it is implicit in the statute read as a whole. In this case, the local laws deemed the chairperson "the administrative and executive official of the board." Additionally, they mandate that "[o]ther members of the board shall deal solely through the chairman in all matters concerning the operation, supervision, and administration of the various departments, offices, and agencies of the county government." They also specify that county personnel are "subject to the administrative and supervisory control of the chairman." Finally, they require board approval only when the chairperson "change[s], consolidate[s], or abolish[es] any departments, agencies, or offices over which the chairman exercises supervision and control."

After construing this language as a whole, we find that the local laws vest the chairperson with authority to hire and fire county employees without the approval of the board. See *Krieger,* supra. "[T]he power to make hiring decisions for a county can rest upon the grant of general, as well as specific, authority." (Citation omitted.) *Vollrath v. Collins,* 272 Ga. 601, 602 (2) (533 SE2d 57) (2000). Further, "where express powers are authorized, those incidental powers reasonably necessary to carrying out the express authority granted are deemed to be included by implication." (Citations omitted.) *Floyd County Bd. of Commrs. v. Floyd County Merit System Bd.,* 246 Ga. 44, 45 (1) (268 SE2d 651) (1980). In this case, the power to hire and fire is reasonably necessary for the chairperson to carry out his express authority to administer, supervise, operate, and control the county departments, agencies, and offices. Moreover, "[t]he concept of supervision and control connotes the relationship of master and servant," *Vollrath,* supra, 272 Ga. at 602 (2), and a master certainly has the authority to hire and fire a servant.

Next, we must determine whether the board subsequently amended the local rules to provide otherwise. In 2004, the board passed a resolution changing the personnel manual to provide that it was the appointing authority with the power to hire, discipline, or fire employees. It is undisputed, however, that these changes were not made by ordinance. Thus, as in *Krieger,* "the board chose an invalid method for designating itself as the appointing authority of county employees," and the 1984 local law governs. Id. at 683 (4).

Since the trial court concluded erroneously that the chairman "does not have the sole authority to hire and fire county employees," we must reverse.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED SEPTEMBER 12, 2006 —
RECONSIDERATION DENIED OCTOBER 17, 2006.

*Martin L. Fierman, William R. Turner*, for appellant.
*Tanya A. Eades*, for appellees.